J-A03044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                    :       PENNSYLVANIA
                    :
           v.               :
                    :
                    :
DAVID HAROLD SPRINGER      :
                    :
        Appellant       :   No. 563 WDA 2023

Appeal from the Judgment of Sentence Entered April 18, 2023
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000533-2022

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:         **FILED: March 13, 2024**

David Harold Springer (Appellant) appeals from the judgment of sentence imposed after he pled guilty to one count of aggravated assault.[1] Appellant challenges the discretionary aspects of his sentence.  We affirm.

Appellant entered his plea to the above charge on January 30, 2023. The trial court deferred sentencing for the preparation of a presentence investigation (PSI) report.  On April 18, 2023, the trial court sentenced Appellant to 33 – 240 months in prison.[2]

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] Although the sentencing guidelines called for a minimum standard range of 60-72 months in prison, the Commonwealth and Appellant agreed to a minimum sentencing range of 27-33 months.  **See** Appellant's Brief at 9-10; Commonwealth's Brief at 2, 6; Trial Court Opinion, 7/10/23, at 1, 4.

Appellant filed a timely post-sentence motion alleging "his sentence is unduly harsh and excessive[,] and that the [trial court] did not properly consider his circumstances." Post-Sentence Motion, 4/20/23, at 1 (unpaginated). The trial court denied Appellant's motion on April 24, 2023, and Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for review:

> Whether the [trial court] erred in denying Appellant's post-sentence motion because the trial court abused the discretionary aspects of sentencing in that Appellant's sentence was unduly harsh?

Appellant's Brief at 3 (some capitalization modified).

Appellant challenges the discretionary aspects of his sentence. There is no absolute right to challenge the discretionary aspects of a sentence on appeal. *Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test[.] We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Appellant filed a timely notice of appeal, preserved his sentencing challenge in his post-sentence motion, and included in his brief a separate Pa.R.A.P. 2119(f) statement. We next consider whether Appellant presents a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011). "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. King*, 182 A.3d 449, 454 (Pa. Super. 2018) (citation omitted).

Appellant asserts his sentence "was excessive due not only to the 240-month maximum sentence, but because the trial court failed to take into adequate consideration the nature and extent of Appellant's drug and alcohol issues and rehabilitative needs." Appellant's Brief at 9. Appellant raises a substantial question. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("[T]his Court has [] held that an excessive sentence claim — in conjunction with an assertion that the court failed to consider mitigating factors — raises a substantial question." (citation omitted)). Accordingly, Appellant has properly invoked this Court's jurisdiction. *See Moury*, 992 A.2d at 170.

Before addressing the substantive merits of Appellant's claim, our review discloses that the sentencing transcript is not in the certified record. Appellant represented "the complete transcript has been lodged of record at the Cambria County Clerk of Courts." Notice of Appeal, 5/15/23. Upon inquiry by our Prothonotary, the Cambria County Clerk of Courts advised that no sentencing hearing transcript had been prepared or filed. Our review of the docket entries of this case confirms that no transcripts have been lodged of record. The lack of the sentencing transcripts impedes our review of Appellant's claim.

"[I]t is the appellant's burden to ensure that the certified record contains that which is necessary for this Court to properly resolve the issues raised on appeal, including any transcripts." **Commonwealth v. Schifano**, 2024 PA Super 21, 5 (Feb. 9, 2024) (citing **Commonwealth v. Midgley**, 289 A.3d 1111, 1120 (Pa. Super. 2023)). When an appellant fails to take the required steps to ensure a necessary transcript is prepared, "our Rules of Appellate Procedure allow for this Court to take any appropriate action, including dismissing the appeal in its entirety." **Id.** (citing Pa.R.A.P. 1911(d)). "Whether a default with regard to the contents of the certified record warrants a finding of waiver is a question that must be evaluated under the particular facts and circumstances of a specific appeal." **Commonwealth v. Bongiorno**, 905 A.2d 998, 1001 (Pa. Super. 2006) (*en banc*).

We recognize that "[m]eaningful review does not require, *per se*, a complete [] transcript." ***Commonwealth v. Burrows***, 550 A.2d 787, 789 (Pa. Super. 1988). Where a claim is based upon undisputed facts, we may reach the merits of an appeal despite the absence of a transcript. ***Schifano***, 2024 PA Super 21, 5. Appellant, however, asserts the trial court did not adequately consider his drug and alcohol issues and rehabilitative needs[3] when it imposed a maximum sentence at the statutory limit. Appellant's Brief at 10. Further, Appellant's brief includes no citations to the record establishing how the trial court abused its discretion.[4] ***See Commonwealth v. Solomon***, 247 A.3d 1163, 1168 (Pa. Super. 2021) (*en banc*) (stating an appellant "must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." (citation and quotation marks omitted)).

---

[3] Appellant does not claim the trial court failed to consider these factors entirely, or that it did not set forth its reasons for imposing an individualized sentence on the record. Indeed, the trial court ordered a PSI prior to sentencing Appellant. Where the trial court had the benefit of a PSI, we must "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Knox***, 165 A.3d 925, 930 (Pa. Super. 2017) (citation omitted). Appellant does not cite to any portion of the record to rebut this presumption.

[4] We further observe that Appellant did not prepare a Statement in Absence of Transcript pursuant to Pa.R.A.P. 1923. Rather, Appellant erroneously asserted that the complete transcript had already been lodged.

This is not a case where there are undisputed facts that would allow this Court to overlook Appellant's failure to include the sentencing hearing transcript in the certified record. As a result, our ability to review the merits of Appellant's claim is fatally impeded, and his issue is waived. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) ("[A]ny claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.").

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/13/2024