J-S26012-22

2022 PA Super 164

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JUSTIN THOMAS WATTS :
:
Appellant : No. 283 MDA 2022

Appeal from the Judgment of Sentence Entered January 4, 2022,
in the Court of Common Pleas of Adams County,
Criminal Division at No(s): CP-01-CR-0000729-2021.

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

OPINION BY KUNSELMAN, J.: **FILED: SEPTEMBER 26, 2022**

Justin Thomas Watts appeals from his judgment of sentence imposed after the trial court found him guilty of driving under the influence (DUI) of a Schedule I controlled substance.[1] Additionally, Watts' counsel filed a petition to withdraw representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). Upon review, we grant counsel's petition and affirm the judgment of sentence.

On November 8, 2021, a bench trial was conducted in which the parties stipulated to the following facts. On November 5, 2020, Watts was driving on a public road in Adams County, Pennsylvania. Based upon how Watts was

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(1)(i).

driving, a state trooper pulled him over. The trooper performed various field tests, the results of which, along with the trooper's experience, suggested that Watts was under the influence of a controlled substance to a degree that it impaired his ability to safely operate a vehicle. Thereafter, blood tests were conducted which revealed that Watts had marijuana compounds (Delta-9 THC and 11-Hydroxy Delta-9 THC) and the metabolites of these compounds (Delta-9 Carboxy THC) in his system. At the time, Watts had a valid medical marijuana card. The trial court found Watts guilty of DUI.

Subsequently, on January 4, 2022, the trial court sentenced Watts to 6 months' probation with ten (10) days on house arrest. Watts filed a post-sentence motion, which the court denied.

Watts filed this timely appeal. Counsel filed a petition to withdraw from representation and an *Anders* brief with this Court. Watts did not retain independent counsel or file a *pro se* response to the *Anders* brief.

Before we may consider the issues raised in the *Anders* brief, we must first consider counsel's petition to withdraw from representation. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring

to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [counsel] deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of ***Anders***. Counsel indicated that he reviewed the record and concluded that Watts' appeal is frivolous. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. Finally, the record

- 3 -

included a copy of the letter that counsel sent to Watts stating counsel's intention to seek permission to withdraw and advising Watts of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Watts' appeal is wholly frivolous.

In the **Anders** brief, counsel sets forth one issue that Watts wishes to raise:

> I. Whether the trial court erred in finding [Watts] guilty of a DUI for having any amount of a controlled substance in his system, when the only substance was marijuana, which he had [a] valid medical marijuana card for.

**Anders** Brief at 6.

Watts contends that the trial court erred when it found him guilty of DUI under 75 Pa.C.S.A. § 3802(d)(1)(i) based on the marijuana found in his system. Specifically, he argues that medical marijuana used in accordance with the Medical Marijuana Act ("MMA") is not a Schedule I controlled substance, only marijuana is. Otherwise, Watts claims, Section 3802(d)(1) of the Vehicle Code and the MMA directly conflict with each other. Thus, because he used marijuana legally pursuant to a valid medical marijuana card issued under the MMA, Watts maintains that he should not be held criminally responsible for DUI. **Anders** Brief at 9, 14-15.

Watts' issue is one of statutory interpretation. Our standard of review is well-settled:

> Statutory interpretation is a question of law, therefore our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Hall***, 622 Pa. 396, 80 A.3d 1204, 1211 (2013). "In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.*, which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." ***Commonwealth v. McCoy***, 599 Pa. 599, 962 A.2d 1160, 1166 (2009) (citation omitted).
>
> Generally, a statute's plain language provides the best indication of legislative intent. ***Id.*** We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to "a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1). Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning. ***Hall***, 80 A.3d at 1211.

***Commonwealth v. Torres–Kuilan***, 156 A.3d 1229, 1231 (Pa. Super. 2017) (quoting ***Commonwealth v. Popielarcheck***, 151 A.3d 1088, 1091–92 (Pa. Super. 2016)).

The Vehicle Code provides, in pertinent part, that an individual may not drive, operate or be in actual physical control of the movement of a vehicle when there is any amount of a Schedule I controlled substance, as defined in the Controlled Substance, Drug, Device and Cosmetic Act ("CSA"), in the individual's blood. 75 Pa.C.S.A. § 3802(d)(1)(i). Under the CSA, marijuana is designated as a Schedule I controlled substance. 35 P.S. § 780-104(1)(iv). Furthermore, "[t]he fact that a person charged with [DUI] is or has been legally entitled to use alcohol or controlled substances is not a defense to a charge of [DUI]." 75 Pa.C.S.A. § 3810.

As counsel observes, Watts' argument was rejected by this Court in *Commonwealth v. Dabney*, 274 A.3d 1283 (Pa. Super. 2022). Like Watts, Dabney claimed that he should not be prosecuted for DUI because he used marijuana for medical purposes and medical marijuana is not listed as a Schedule I controlled substance. Otherwise, the MMA and Vehicle Code are conflicting. *Id.* at 1290.

To determine whether medical marijuana remains a Schedule I controlled substance for purposes of Section 3802(d)(1), we thoroughly reviewed the statutory framework and caselaw relating to the Vehicle Code, the CSA, and the MMA. We concluded that medical marijuana is marijuana and, as such, is a Schedule I controlled substance. *Id.* at 1291 (citing 35 P.S. § 10231.103; *Commonwealth v. Stone*, 273 A.3d 1163 (Pa. Super. 2022) (*en banc*)). This is so despite the fact that an individual may legally do certain things with marijuana for medical purposes under the MMA. Further, because the MMA does not address driving and marijuana, but the Vehicle Code does, these statutes are not conflicting. Consequently, it is illegal to drive with any amount of marijuana, medical or otherwise, in one's system.[2] *Id.*

Based upon *Dabney*, the trial court did not err in finding Watts guilty of DUI even though he had lawfully been recommended to use and used

---

[2] We note that until the General Assembly changes marijuana's designation as a Schedule I controlled substance or makes an exception for medical marijuana under Section 3802(d)(1), it remains illegal to operate a motor vehicle with marijuana, medical or otherwise, in one's system. It is not within this Court's authority to modify the law but only to interpret it as written.

marijuana for medical purposes. We therefore conclude that Watts' issue is wholly frivolous.

Furthermore, as required by **Anders**, we have independently reviewed the record to determine whether there are any non-frivolous issues present in this case. Our review of the record disclosed no other non-frivolous issues that Watts could raise that counsel overlooked. **See Dempster**, **supra**.

Having concluded that there are no non-frivolous issues, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2022