J-S24019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEVIN M. MURPH | : | |
| | : | |
| Appellant | : | No. 1086 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 11, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005126-2021

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 27, 2023**

Kevin M. Murph appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, following his convictions of one count each of driving under the influence - controlled substance (DUI),[1] driving in excess of 55 miles per hour speed limit by 17 miles per hour,[2] and disregard traffic lane.[3]  Additionally, Murph's counsel, Spencer H.C. Bradley, Esquire, has filed an application to withdraw as counsel, and an accompanying

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 3802(d)(1)(i).

[2] 75 Pa.C.S.A. § 3362(a)(2).

[3] *Id.* at § 3309(1).

***Anders***[4] brief.  Upon review, we grant Attorney Bradley's application to withdraw and affirm Murph's judgment of sentence.

The trial court summarized the factual history of this case as follows:

On August 15, 2021, Pennsylvania State Police observed a vehicle traveling at 72 miles [per] hour in a 55-mile-per-hour zone within the area of Dauphin County.  [The trooper] conducted[ a traffic stop, at which time the trooper] could smell the odor of marijuana emanating from [Murph]'s vehicle.   [Murph's] eyes were bloodshot. [Murph] relayed that he had a medical marijuana card. [Murph] showed signs of impairment during the standard field sobriety test[s, which] included [*inter alia*,] a walk-and-turn, and the one-leg stand. . . .   [D]uring the one-leg stand, [Murph] was unable to keep his hands down at his side, [he] was swaying, and kept putting his foot down.  [Murph] also showed eye tremors and a lack of convergence during the finger-to-nose test.   [Murph] submit[ted] to a legal blood draw[, which showed] his THC levels of Delta-9 being 5.3[,] Delta-9 Carboxy being 74[,] and the inactive metabolite being .10.

Trial Court Opinion, 10/3/22, at 1-2.

Murph was charged with the above-mentioned offenses, after which he proceeded to a non-jury trial on July 11, 2022.  The trial court found Murph guilty and proceeded to sentencing that same day, imposing six months of intermediate punishment, with the first month to be served on house arrest with electronic monitoring.

Murph filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Attorney Bradley subsequently filed with this Court an application to withdraw as

_____

[4] ***Anders v. California***, 368 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

counsel and a brief pursuant to **Anders**. Murph did not file a *pro se* brief, nor did he retain alternate counsel for this appeal.

Before addressing Murph's issues on appeal, we must determine whether Attorney Bradley has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. ***See Commonwealth v. Mitchell***, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) ("[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

- 3 -

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, our review of counsel's *Anders* brief and application to withdraw reveals that Attorney Bradley has complied with each of the technical requirements of *Anders*/*Santiago*. Attorney Bradley indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. The record further reflects that Attorney Bradley has furnished a copy of the *Anders* brief to Murph and advised Murph of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Additionally, the *Anders* brief complies with the requirements of *Santiago*. As Attorney Bradley has complied with all of the requirements for withdrawing from representation, we will examine the record and make an independent determination of whether Murph's appeal is, in fact, wholly frivolous.

In the **Anders** brief, Attorney Bradley raises three issues.[5] In the first issue, Murph challenges the sufficiency of the evidence to support his DUI conviction. **Id.** at 11. Murph concedes that control is not at issue; rather, the sole issue for this Court is whether the Medical Marijuana Act[6] overrides the DUI statute's prohibitions on driving while under the influence of marijuana. **Id.** at 11-17.

As Attorney Bradley candidly points out, this Court has already addressed this question in **Commonwealth v. Dabney**, 274 A.3d 1283 (Pa. Super. 2022). This Court, in **Dabney**, determined that the Medical Marijuana Act does not take precedence over the Vehicle Code. **Id.** at 1292. Similarly, in **Commonwealth v. Watts**, 283 A.3d 1252 (Pa. Super. 2022), this Court reaffirmed the ruling in **Dabney** and noted that "because the [Medical Marijuana Act] does not address driving and marijuana, but the Vehicle Code does, these statutes are not conflicting. Consequently, it is illegal to drive with any amount of marijuana, **medical or otherwise**, in one's system." **Watts**, 283 A.3d at 1256 (emphasis added).

---

[5] We note that Attorney Bradley phrases his statement of questions involved in terms of whether this Court should permit him to withdraw. **See Anders** Brief, at 5. However, in the argument section, Attorney Bradley outlines two challenges to the sufficiency of the evidence, and one challenge to the discretionary aspects of Murph's sentence. **See Anders** Brief, at 11, 18, 20-22.

[6] 35 P.S. § 10231.303.

Instantly, Murph was operating a vehicle with marijuana metabolites in his blood stream. Thus, the Commonwealth presented sufficient evidence to sustain Murph's conviction of DUI. In light of the foregoing, Murph's challenge is frivolous, and he is entitled to no relief.

In the second issue, Murph challenges the sufficiency of the evidence of his convictions of driving in excess of 55 miles per hour speed limit by 17 miles per hour, and disregarding traffic lanes. *See Anders* Brief at 18-19. Attorney Bradley notes that Murph proceeded to a stipulated non-jury trial, and he did not preserve a challenge to these offenses and, thus, his claims are waived. *Id.* Upon review, we agree.

Indeed, at trial, Murph's argument and defense were focused solely on the interplay between the Medical Marijuana Act and the Vehicle Code. Additionally, Murph did not challenge these convictions in a written post-trial motion. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Moreover, Murph did not raise this issue in his Rule 1925(b) statement. *See* Rule 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Consequently, these claims are waived and are meritless.

In his third claim, Murph challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See Commonwealth v. Sunealitis*, 153 A.3d 414, 420 (Pa. Super. 2016).

Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Murph filed a timely notice of appeal. However, as Attorney Bradley notes in the *Anders* Brief, Murph did not raise any sentencing claim in a post-sentence motion or in a timely objection at sentencing. *See Anders* Brief, at 20-22. Additionally, this claim, like his second, is absent from Murph's Rule 1925(b) statement. Accordingly, the claim has not been preserved for our review. *See Moury*, *supra*.

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Dempster*, 187 A.3d at 272. As such, we grant Attorney Bradley's application to withdraw, and affirm the judgment of sentence.

- 7 -

Judgment of sentence affirmed.  Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/2023