J-S47023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEE TOMAR ESNARD | : | |
| | : | |
| Appellant | : | No. 1015 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 10, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002592-2022

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED JANUARY 3, 2024**

Lee Tomar Esnard appeals from the judgment of sentence entered after he was convicted of driving under the influence (DUI) and other offenses.[1] Additionally, Esnard's counsel has filed a petition to withdraw representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).   Upon review, we grant counsel's petition and affirm Esnard's judgment of sentence.

On February 24, 2022, Pennsylvania State Trooper Daniel Finnegan charged Esnard with DUI and summary offenses following a traffic stop. Esnard waived the charges to court.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i) (DUI of a controlled substance), 3361 (driving at an unsafe speed), 3309(1) (moving from a single lane), and 3334(a) (changing lanes without signaling).

On November 10, 2022, Esnard moved to suppress his blood test results, which were positive for THC and a THC metabolite. The trial court heard the matter on January 6, 2023. The court found the following facts:

[O]n February 24, 2022, in the evening, about 10:39, Mr. Esnard was stopped by the State Police heading northbound on Route 1, stopped near Kennett Route 82. The reasons he was stopped was 75 in a 55-mile per hour zone, he was swerving within the lanes. I actually counted more crossing over the lines than the trooper did, you know, at least two to three times. He didn't utilize his turn signal when changing lanes. All of those things indicated unsafe driving. And [Trooper Finnegan pulled Esnard] over.

. . . [Esnard] admitted that he had been smoking some marijuana after work. He said he was at [his employer] before he drove. They smelled eventually some marijuana in the car. First, Trooper [Brian] McCabe saw a marijuana grinder in plain view in the middle console of the vehicle operated by one person. [Trooper McCabe] told Trooper Finnegan, [who] went back, stuck his head in, smelled the marijuana, asked [Esnard] have you smoked marijuana, and he agreed he had. Then he consented to the search of his car, they found some small amount of marijuana, as well as a grinder . . . .

They [did] five field tests. The one-leg stand--the walk and turn, he's not touching his heels at all on the way back. There's enough to make the trooper think that [Esnard was] driving under the influence of drug[s] to get him . . . to take the blood test.

N.T., 1/6/23, at 37–38. The court concluded that the police had probable cause to request to draw Esnard's blood. *Id.* at 38. Accordingly, it denied Esnard's motion to suppress the blood test results.

The case proceeded to a non-jury trial on March 6, 2023. The trial court found Esnard guilty of the above offenses. On March 10, 2023, the trial court sentenced Esnard to imprisonment of 3 days to 6 months for the DUI and fines for all offenses. Esnard did not file a post-sentence motion.

Esnard timely appealed. Esnard's counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Esnard did not retain independent counsel or file a *pro se* response to the **Anders** brief.

Before considering the issues raised in the **Anders** brief, this Court must first address counsel's petition to withdraw from representing Esnard. **See Commonwealth v. Watts**, 283 A.3d 1252, 1254 (Pa. Super. 2022). An attorney who believes an appeal is frivolous and who wishes to withdraw must take the following three steps:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

**Id.** (quoting **Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006)). Regarding the second requirement, our Supreme Court has required that an **Anders** brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 1254–55 (quoting *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)).  If this Court finds that counsel has satisfied the requirements of *Anders*, then it is our responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated."  *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel complied with the three requirements to withdraw from representing Esnard.  The application states that after a conscientious examination of the record, counsel "determined that an appeal is wholly frivolous." Application, 9/28/23, at 1.  The *Anders* brief in this case complies with our standards.  And counsel advised Esnard of his rights and indicated that Esnard was served with a copy of the *Anders* brief.

We thus turn to a review of the record.  The first of two issues in the *Anders* brief concerns the denial of Esnard's motion to suppress.  Esnard had argued that Trooper Finnegan lacked probable cause to request a blood draw. Motion to Suppress, 11/10/22, at 2; N.T., 1/6/23, at 3.  The suppression court found that Trooper Finnegan observed Esnard commit traffic violations and saw marijuana and a grinder in Esnard's car, and that Esnard admitted to smoking marijuana before driving and performed poorly on field sobriety tests. N.T., 1/6/23, at 37–38.  The record supports these findings.  Based on these findings, the suppression court correctly concluded that Trooper Finnegan had probable cause to request a blood draw.  This issue is frivolous.

The second issue in the **Anders** brief concerns the sufficiency of the evidence to sustain Esnard's DUI conviction. Specifically, counsel notes that there was no evidence presented at trial that marijuana is a controlled substance. However, as counsel acknowledges, our legislature classifies marijuana as a Schedule I controlled substance. 35 P.S. § 780-104(1)(iv); **see Commonwealth v. Dabney**, 274 A.3d 1283, 1288–92 (Pa. Super. 2022). Further, the parties stipulated to the blood test results, which showed that Esnard had THC and a THC metabolite in his blood. This issue is also frivolous.

Finally, this Court's independent review of the record discloses no other non-frivolous issues that Esnard could raise that counsel overlooked. Having concluded that there are no meritorious issues, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/03/2024