**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBIN LAVONNE JOHNSON | : | |
| | : | |
| Appellant | : | No. 1444 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 27, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002737-2020

BEFORE:  DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED: NOVEMBER 26, 2024**

Appellant, Robin Lavonne Johnson, appeals from the July 27, 2023 judgment of sentence entered by the Allegheny County Court of Common Pleas.  Appellant challenges her conviction for Driving Under the Influence of a Controlled Substance ("DUI"), 75 Pa.C.S. § 3802(d)(1), by asserting a conflict between Section 3802 of the Vehicle Code and the Medical Marijuana Act, 35 P.S. § 10231.2103(a)(1).  Appellant also claims that her conviction is against the weight of the evidence.  Based upon this Court's precedent, we reject her claims and affirm the judgment of sentence.

The relevant factual and procedural history are as follows.  On November 4, 2019, a Tarentum Borough police officer stopped Appellant after witnessing her drive through a red light at a high rate of speed.  The officer asserted that he smelled burnt marijuana when he approached her vehicle and on Appellant's person.  He additionally noticed that Appellant's eyes were

bloodshot and glassy. Appellant admitted that she had smoked marijuana two hours prior to the stop.

The officer administered only the Horizontal Gaze Nystagmus ("HGN") test, because Appellant asserted that she could not perform other field sobriety tests due to prior foot and ankle surgeries. Based upon the HGN test and his observations, the officer arrested Appellant after concluding that she had been driving under the influence of a controlled substance and was incapable of safely operating the vehicle. Appellant subsequently consented to a blood draw, which returned a result of 20.1 ng/ml Delta-9 THC and 87.3 ng/ml Delta 9-carboxy-THC. Appellant does not contest that the result indicated the presence of marijuana in her blood. Appellant asserted that she had a medical marijuana card.

Following a non-jury trial on July 27, 2023, the trial court convicted Appellant of DUI and Failure to Stop at a Red Signal.[1] In the same order, the court sentenced Appellant to six months of probation with restrictive conditions and a $1,000 fine for DUI and no further penalty for Failure to Stop.

On August 3, 2023, Appellant filed a post-sentence motion, which the trial court denied on November 30, 2023. Notably, her post-sentence motion did not include a challenge to the weight of the evidence.

On December 6, 2023, Appellant filed a notice of appeal. The trial court and Appellant complied with Pa.R.A.P. 1925.

_____

[1] 75 Pa.C.S. §§ 3802(d)(1); 3112(a)(3)(i), respectively.

- 2 -

Appellant raises the following questions on appeal:

1. Did the [c]ourt err as a matter of law and/or abuse its discretion when it refused to apply the rule of lenity to avoid the ambiguity found between 75 Pa.C.S. § 3802(d)(1)(i) and 35 P.S. § 10231.2103(a)(1)?

2. Did the [c]ourt err as a matter of law and/or abuse its discretion when it found Appellant guilty when the evidence was against the weight of the evidence?

Appellant's Br. at 4.[2]

In her first issue, Appellant claims that the relevant provisions of Section 3802(d)(1)(i) of the Vehicle Code and the Medical Marijuana Act contradict each other, resulting in an ambiguity that requires this Court to interpret the statutes in Appellant's favor under the Rule of Lenity. Appellant's Br. at 10-11. In so doing, Appellant presents a question of statutory interpretation, which is a question of law. **Commonwealth v. Dabney**, 274 A.3d 1283, 1287, *appeal denied,* 286 A.3d 1233 (Pa. 2022). Accordingly, we employ a *de novo* standard of review and a plenary scope of review. **Id.**

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

---

[2] Appellant has also appealed her judgment of sentence related to a March 2022 DUI, which is pending before this Court at 1227 WDA 2023.

It is well-established that ambiguity in criminal statutes requires application of the Rule of Lenity, which provides that "an ambiguous penal statute must be strictly construed in favor of the defendant." ***Commonwealth v. Gamby***, 283 A.3d 298, 306 (Pa. 2022); 1 Pa.C.S. § 1928(b)(1).

Appellant asserts that Section 3802 of the Vehicle Code, which criminalizes driving with any amount of marijuana in one's blood, conflicts with the Medical Marijuana Act, which provides that patients cannot be prosecuted for lawfully using marijuana. Specifically, Section 3802 of the Vehicle Code provides in relevant part as follows:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> (1) There is in the individual's blood any amount of a:
>
> (i) Schedule I controlled substance, as defined in . . . The Controlled Substance, Drug, Device and Cosmetic Act[.]

75 Pa.C.S. § 3802(d)(1)(i).[3] The Vehicle Code also expressly provides that "[t]he fact that a person charged with [DUI] is or has been legally entitled to use alcohol or controlled substances is not a defense to a charge of [DUI]." 75 Pa.C.S. § 3810.

The Medical Marijuana Act, in relevant part, provides that a "patient" shall not "be subject to arrest, prosecution or penalty in any manner, or denied

---

[3] It is undisputed that marijuana and its metabolites are included as Schedule I controlled substances. 35 P.S. § 780-104(1)(iii)(16), (1)(iv).

any right or privilege, including civil penalty or disciplinary action by a Commonwealth licensing board or commission, **solely for lawful use** of medical marijuana[.]" 35 P.S. § 10231.2103(a)(1) (emphasis added).

Appellant argues that "the combination of these statutes creates an ambiguity[,]" such that the trial court should have applied the Rule of Lenity and found Appellant not guilty of DUI because "she was protected from arrest and prosecution under the Medical Marijuana Act." Appellant's Br. at 10-11. Appellant, however, fails to acknowledge that this Court has repeatedly rejected various iterations of Appellant's claim challenging a DUI conviction based upon the Medical Marijuana Act.

This Court has expressly held that "no conflict exists between the [Medical Marijuana Act] and the Vehicle Code" and instead has concluded that the statutes "can be read in harmony." *Dabney*, 274 A.3d at 1291-92. While the Vehicle Code prohibits **driving** with any amount of marijuana in one's system, the Medical Marijuana Act prevents prosecution for **use** of medical marijuana but does not address driving after use of marijuana. *Id.* Appellant "is not facing a criminal conviction for the legal use of [her] medical marijuana" but rather for "driving after such use." *Id.* at 1292 (emphasis omitted); *see also Commonwealth v. Watts*, 283 A.3d 1252, 1256 (Pa. Super. 2022).

Moreover, "[t]his Court has specifically held that medical marijuana is included in [Schedule I] for purposes of Section 3802(d)(1)(i), and that there is no distinction between illegal and medical marijuana for purposes of

- 5 -

prosecuting a person under that section." ***Commonwealth v. Schifano***, 310 A.3d 769, 773 (Pa. Super. 2024). Thus, under this Court's precedent, "Section 3802(d)(1)(i) prohibits one from driving with any amount of marijuana, medical or not, in one's blood." ***Id.*** at 773.

Accordingly, we agree with the trial court's rejection of Appellant's argument that Section 3802(d)(1)(i) conflicts with the Medical Marijuana Act. We instead affirm the trial court's determination that "the Commonwealth proved beyond a reasonable doubt that [Appellant] operated a motor vehicle" with marijuana in her blood, sufficient for a conviction under Section 3802(d)(1)(i), which merely requires proof of "any amount of a [S]chedule I controlled substance" in her blood. Trial Ct. Op., 2/27/24, at 3.

In her second issue, Appellant claims that the verdict is against the weight of the evidence. Appellant's Br. at 12-13. While framed as a weight claim, Appellant essentially reasserts the argument asserted in her first issue, arguing that because she was a "patient" under the Medical Marijuana Act, then the Commonwealth cannot prosecute her for using marijuana.

To the extent Appellant has attempted to reframe her issue as a weight of the evidence claim, we agree with the trial court that she waived this issue. Trial Ct. Op at 3. Specifically, Pa.R.Crim.P. 607 provides that "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A)(1)-(3). "An appellant's failure

to avail [herself] of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim[,]" even if the trial court responds to the claim in its Rule 1925(a) opinion. ***Commonwealth v. Weir***, 201 A.3d 163, 167 (Pa. Super. 2018); ***see also Commonwealth v. Burkett***, 830 A.2d 1034, 1037 n.3 (Pa. Super. 2003).

In the instant case, Appellant did not raise her weight of the evidence claim prior to or in her post-sentence motion but instead first raised it in her Pa.R.A.P. 1925(b) statement. Accordingly, Appellant waived her claim that the verdict is against the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>11/26/2024</u>