J-S06011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES ARLOTTA | : | |
| Appellant | : | No. 1010 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 10, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005539-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES ARLOTTA | : | |
| Appellant | : | No. 1011 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 10, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005540-2023

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED: April 15, 2025**

James Arlotta appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County after he pled guilty to various offenses. Arlotta's counsel seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm and grant counsel's request.

Arlotta was charged at two separate dockets in relation to incidents that occurred on May 3, 2024 and May 4, 2024. At CP-02-CR-0005539-2023, Arlotta was charged with aggravated assault, robbery, burglary, conspiracy, and persons not to possess a firearm.[1] At CP-02-CR-0005540-2023, Arlotta was charged with aggravated assault, robbery, conspiracy, burglary, aggravated assault with a deadly weapon, carrying a firearm without a license, and persons not to possess a firearm.[2] On April 16, 2024, Arlotta pled guilty to 6 counts at CP-02-CR-0005539-2023 and 11 counts at CP-02-CR-0005540-2023. The trial court postponed sentencing pending a pre-sentence investigation ("PSI") report.

On July 10, 2024, Arlotta was sentenced to an aggregate period of 20 to 40 years' incarceration. Specifically, at CP-02-CR-0005539-2023, the court imposed consecutive sentences of 3 to 6 years each for aggravated assault and robbery, and 2 to 4 years each for burglary and conspiracy. **See** Sentencing Order, 7/10/24. At CP-02-CR-0005540-2023, the court imposed consecutive sentences of 3 to 6 years each for aggravated assault, robbery, and conspiracy, and 1 to 2 years for carrying a firearm without a license. **See** Sentencing Order, 7/10/2024.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 3701(a)(1)(i), 3702(a), 3502(a)(1)(i), 903, 6105(a)(1).

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 3701(a)(1)(i), 3701(a)(1)(iv), 903, 3502(a)(1)(i), 2702(a)(4), 6106(a)(1), 6105(a)(1).

On July 18, 2024, Arlotta timely filed post-sentence motions to vacate and modify his judgment of sentence, which the court denied on July 25, 2024. Arlotta filed notices of appeal and court-ordered statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on August 21, 2024 and September 12, 2024, respectively. In response, the court issued an opinion pursuant to Pa.R.A.P. 1925(a), in which it concludes Arlotta's challenges are meritless. *See* Trial Court Opinion, 12/2/24, at 10-11.

On December 16, 2024, Arlotta's counsel filed a petition to withdraw from representation and an *Anders* brief, on the grounds that he was unable to identify a "nonfrivolous legal basis for arguing that the sentence imposed in this case was manifestly excessive or constituted an abuse of discretion." *See Anders* Brief, at 9.

Before reaching the merits of the issues raised in counsel's *Anders* brief, we must first consider counsel's request to withdraw from representation. *See Commonwealth v. Cox*, 231 A.3d 1011, 1014 (Pa. Super. 2020). To properly withdraw pursuant to *Anders* and *Santiago*, counsel must satisfy the following procedural requirements:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Id.* at 1015 (citation omitted). Additionally, counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights" to ensure the appellant has been adequately notified of counsel's request. *See Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

> The substance of counsel's *Anders* brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). An appeal is "wholly frivolous" if it "lacks any basis in law or fact." *Commonwealth v. Blauser*, 166 A.3d 428, 432 (Pa. Super. 2017) (citations omitted).

"Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Watts*, 283 A.3d 1252, 1255 (Pa. Super. 2022) (quotation marks and citation omitted). If we determine the appeal is wholly frivolous following our review of the record, we will grant counsel's petition to withdraw and affirm the judgment of sentence. *See Blauser,* 166 A.3d at 431.

Initially, we denied counsel's December 16, 2024 petition to withdraw after finding his request procedurally deficient. We directed counsel to file (1)

an amended petition to withdraw containing a **Millisock** letter adequately explaining Arlotta's appellate rights and (2) proofs of service indicating that counsel served the **Anders** brief and amended petition to withdraw on Arlotta. On February 24, 2025, counsel complied with our directives. **See** Amended Motion to Withdraw as Counsel, 2/24/25, at 1-4, 47-51. Accordingly, counsel's request to withdraw is procedurally sufficient under **Anders** and **Santiago**.

Furthermore, counsel's **Anders** brief is substantively sufficient. First, counsel summarizes the procedural and factual history of the appeal and includes citations to the record. **See Anders** Brief, at 5-8. Second, counsel refers to several mitigating factors which could have supported imposition of a lesser sentence and arguably support the appeal. **See id.** at 17. Finally, counsel concludes the appeal is frivolous because Arlotta is unlikely to invoke our jurisdiction to review the discretionary aspects of his sentence by raising a substantial question and the trial court did not abuse its discretion by imposing consecutive sentences. **See id.**, at 10, 15.

Because counsel's request is procedurally and substantively sufficient, we will conduct an independent review to determine whether we agree that the appeal is wholly frivolous. **See Watts,** 283 A.3d at 1255.

Counsel's **Anders** Brief identifies two issues for our review: Whether the sentencing court abused its discretion in sentencing Arlotta because it: "1) … failed to account for his acceptance of responsibility and other mitigating

factors; and 2) each sentence was to run consecutive to one another as well as consecutive to each criminal information." ***Anders*** Brief, at 12.

Arlotta's claims implicate the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal." ***Commonwealth v. Snyder***, 289 A.3d 1121, 1125-26 (Pa. Super. 2023) (citation omitted). Accordingly,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Reid***, 323 A.3d 26, 29 (Pa. Super. 2024) (citation and brackets omitted).

Here, the first three requirements have been met. Counsel timely filed notices of appeal and properly preserved the issues in post-sentence motions to reconsider and modify his sentence. Although counsel failed to include a Rule 2119(f) statement in his ***Anders*** brief, "we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015). Therefore, the first three requirements are satisfied.

Counsel avers that Arlotta's appeal is frivolous because it is unlikely he raises a substantial question, and therefore, he fails to satisfy the fourth

requirement for invoking our jurisdiction. *See Anders* Brief, at 10-15. We disagree.

We determine whether a substantial question exists on a case-by-case basis. *See Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015). "A substantial question exists when the appellant makes a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Snyder*, 289 A.3d at 1126. An appellant presents a substantial question by raising an excessive sentence claim premised on the imposition of consecutive sentences together with an allegation that the sentencing court failed to consider mitigating factors. *See Caldwell*, 117 A.3d at 770; *see Commonwealth v. Morrobel*, 323 A.3d 1153, 1157-58 (Pa. Super. 2024).

Here, Arlotta raises a substantial question by alleging that the sentencing court (1) abused its discretion by failing to consider certain mitigating factors and (2) imposed a manifestly excessive sentence "where each count was run consecutive to one another as well as consecutive to each criminal information." *Anders* Brief, at 12; *see Caldwell*, 117 A.3d at 770. Therefore, his sentencing challenge properly invokes our jurisdiction, and we may review the merits of his claims. *See Morrobel*, 323 A.3d at 1157-58.

Counsel avers that even if Arlotta raises a substantial question regarding the appropriateness of his sentence, his claims are meritless. *See Anders* Brief, at 15. We agree.

We review a challenge to the discretionary aspects of sentencing for a manifest abuse of discretion:

> An abuse of discretion occurs where the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. In imposing a sentence, a sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

> Where the court has the benefit of a PSI report, we presume the court was aware of all appropriate sentencing factors and considerations and consider the requirement that the court place its reasoning on the record to be satisfied. In conducting appellate review, we may not reweigh the sentencing factors and impose our own judgment in place of that of the trial court.

*Snyder*, 289 A.3d at 1126-27 (quotation marks and citations omitted).

Where an appellant is sentenced within the sentencing guidelines, he must show that application of the guidelines is clearly unreasonable for this Court to vacate the judgment of sentence. *See* 42 Pa.C.S.A. § 9781(c). Furthermore,

> the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Defendants convicted of multiple offenses are not entitled to a volume discount on their aggregate sentence. [We] will not disturb consecutive sentences unless the aggregate sentence is grossly disparate to the defendant's conduct, or viscerally appears as patently unreasonable.

*Commonwealth v. Pisarchuk*, 306 A.3d 872, 881 (Pa. Super. 2023) (quotation marks and citations omitted).

After reviewing the record, we discern no abuse of discretion.

First, Arlotta's allegation that the court failed to consider mitigating factors lacks merit because the court had the benefit of a PSI report. *See Snyder*, 289 A.3d at 1126-27; *see* N.T. Sentencing, 7/10/24, at 4. Moreover, contrary to Arlotta's averments, our review of the sentencing testimony confirmed that the court explicitly accounted for Arlotta's history, drug issues, educational difficulties, pleadings entered, and willingness to identify the third person to determine an appropriate sentence. *See* N.T. Sentencing, 7/10/24, at 23-24. Clearly, the sentencing court considered the mitigating factors but utilized its permissible discretion in formulating the sentence that was finally determined to be appropriate.

Second, Arlotta's excessive sentence claim fails because the court properly exercised its discretion when it imposed two consecutive terms of 10 to 20 years' incarceration. At CP-02-CR-0005539-2023, the sentencing court imposed below mitigated, mitigated, and standard range sentences on 4 of the 6 counts contained in the criminal information, and no further penalty on the remaining 2 counts. *See* Sentencing Order, 7/10/24, at 1-2; Sentencing Guidelines, 7/10/24, at 1-6. At CP-02-CR-0005540-2023, Arlotta received 4 mitigated or below mitigated range sentences, and the sentencing court imposed no further penalty on the remaining 7 of the 11 counts contained in

the criminal information. **See** Sentencing Order, 7/10/14, at 1-2; Sentencing Guidelines, 7/10/24, at 1-11. Additionally, the court heard victim impact testimony and properly considered "the protection of the public, gravity of the offenses, and the impact on the victims, the victims' families, and community" when fashioning these sentences. **See** N.T. Sentencing, 7/10/24, at 6-15; **see** Trial Court Opinion, 12/2/24 at 10. We cannot find the aggregate period of 20 to 40 years' incarceration patently unreasonable or grossly disparate to the conduct in question, where Arlotta pled guilty to a total of 17 counts relating to two separate incidents that involved violent crimes against two victims.

For the foregoing reasons, Arlotta's sentencing challenge lacks merit, and he is not entitled to his requested relief. In our review of the record, we were unable to discern any additionally issues of arguable merit that would support continuation of this appeal. Accordingly, in light of the record before the trial court and in this Court, counsel properly concluded the appeal is wholly frivolous, and we grant his request to withdraw from representation.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/15/2025

- 10 -