J-S07020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY CREIGHTON | : | |
| | : | |
| Appellant | : | No. 801 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 16, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000528-2023

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED: JUNE 18, 2025**

Larry Creighton appeals from the judgment of sentence entered following his jury convictions for two counts each of possession with intent to deliver a controlled substance ("PWID") and criminal use of a communication facility.[1] Creighton's counsel has filed an ***Anders***[2] brief and petition to withdraw. We affirm Creighton's judgment of sentence and grant counsel's request to withdraw.

Creighton's charges stem from his interaction with a confidential informant ("C.I."). On two separate occasions, Creighton sold cocaine to the C.I. following calls to the C.I.'s cell phone to set up the purchase.

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 7512(a), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

Creighton was found guilty by a jury of the above offenses. The court sentenced Creighton on May 16, 2024, to an aggregate term of eight to 16 years' incarceration. It imposed consecutive terms of three to six years' incarceration for both counts of PWID, a consecutive term of two to four years' incarceration for one count of criminal use of a communication facility, and a concurrent term of two to four years' incarceration for the remaining count of criminal use of a communication facility. This timely appeal followed.

On appeal, counsel filed an **Anders** brief and a motion to withdraw as counsel, asserting that the appeal is wholly frivolous. Before we assess Creighton's appeal, we must first determine if counsel has met certain procedural requirements. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). An **Anders** brief is proper "when counsel believes an appeal is frivolous and wishes to withdraw from representation[.]" **Commonwealth v. Watts**, 283 A.3d 1252, 1254 (Pa.Super. 2022). In such a case, counsel must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed pro se, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa.Super. 2006) (citation omitted).

Additionally, counsel's **Anders** brief must:

- 2 -

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Watts**, 283 A.3d at 1254-55 (quoting **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009)). Once we determine that counsel has satisfied the above requirements, we conduct "an independent review of the . . . entire record for any non-frivolous issues." **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa.Super. 2015).

Here, counsel has met the procedural requirements to withdraw under **Anders**. His **Anders** brief includes a summary of the procedural and factual history with citations to the record. He also identified one issue that could arguably support the appeal. Counsel sets forth his conclusion and reasons for determining that the appeal is frivolous, with controlling case law and citations to the record. Additionally, counsel sent Creighton a copy of the **Anders** brief and advised him of his right to retain private counsel or proceed *pro se* to raise any additional issues he deemed worthy of this Court's attention. We now review the issue raised in counsel's brief.

Counsel raises the following claim in the **Anders** brief:

> I.  [Creighton] asks whether the Trial Court abused its discretion when it sentenced [Creighton] to an

- 3 -

> aggregate period of incarceration of 8 to 16 years within a State Correctional Institution.

***Anders*** Br. at 4.

Counsel identified one issue related to the trial court's discretion in imposing Creighton's sentence. He maintains that the trial court failed to "adequately consider all relevant sentencing factors and guidelines"; "improperly consider[ed] and [gave] undue weight to [Creighton's] criminal history and parole status"; and "[gave] only a perfunctory consideration to [Creighton's] circumstances, health, age, and rehabilitative needs." ***Anders*** Br. at 18. Such claims challenge the discretionary aspects of Creighton's sentence. To obtain review of discretionary aspects of sentencing, the appellant must have: 1) filed a timely appeal; 2) preserved the claim at sentencing or in a post-sentence motion; 3) included a Rule 2119(f) statement; and 4) and raised a substantial question. ***See Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*); Pa.R.A.P. 2119(f) (requiring appellant challenging discretionary aspects of sentence to "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence"). The appellant must satisfy all four requirements. ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013).

Here, Creighton fails to satisfy the second requirement. Creighton did not preserve his sentencing claim at the sentencing hearing or in a post-sentence motion. As such, his discretionary claim is waived and for this reason, we agree with counsel that Creighton's claim is frivolous for purposes

of direct appeal. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa.Super. 2013) (*en banc*) (holding discretionary aspects of sentencing claim not raised in a post-sentence motion was waived); *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa.Super. 2008) (stating that pursuing a waived matter "on direct appeal is frivolous"). Moreover, upon our independent review of the record, we find no non-frivolous issues. We affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/18/2025