J-A17014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :    IN THE SUPERIOR COURT OF
                                           :                PENNSYLVANIA
                                             :
              v.                                   :
                                             :
                                             :
JACKAAN WILLIAMS                        :
                                             :
            Appellant                  :       No. 1552 WDA 2024

Appeal from the Judgment of Sentence Entered November 21, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002410-2023

BEFORE: McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: October 2, 2025**

Jackaan Williams appeals from the judgment of sentence entered following her convictions for aggravated assault and simple assault.[1] Counsel has filed an ***Anders*** brief and a motion to withdraw as counsel.[2] We grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court summarized the evidence presented at the non-jury trial as follows:

> Chante Sanders lived in an apartment complex in the Northside section of Pittsburgh along with her son, who was in a long-term relationship with [Williams]. On February 20, 2023, Sanders woke up to find that [Williams] was inside her apartment. Sanders told [Williams] to pack her things and leave. [Williams] became angry, closed herself inside a bedroom, and could be heard stomping her feet and knocking things around inside the room. Sanders knocked

---

[1] 18 Pa.C.S.A. §§ 2702(a)(4) and 2701(a)(1), respectively.

[2] ***See Anders v. California***, 386 U.S. 738 (1967).

on the door but [Williams] would not open it and told Sanders to leave her alone. Sanders was in the living room when [Williams] came out of the bedroom and began removing charging cords and other wires from the living room walls. [Williams] was wearing ear pods and appeared to be on a phone call with an unknown person. [Williams] made threats to physically assault Sanders while on the call. Sanders approached [Williams] and voiced that she would not be threatened in her own home and again told [Williams] to leave.

Sanders opened her front door to look for a security guard, but no one was there. Sanders then informed [Williams] she was going to call the police if she did not leave. [Williams] was undeterred and told Sanders she wasn't afraid of the police and to call them. Before Sanders finished dialing 9-1-1, [Williams] grabbed Sanders by the face and pushed her fingers into her eyes. Sanders fell against the kitchen wall and experienced trouble seeing. As she pulled herself up from the floor, Sanders saw a pan on the kitchen stove and reached towards it. It was at this time that she was struck in the face a second time. Sanders asked [Williams] if she hit her with the pan. [Williams] responded that she did and would do it again. Sanders then fell on her left side and passed out. When she regained consciousness, her face was bleeding, she could not see, and was disoriented. Sanders yelled for help and lost consciousness a second time. Eventually Sanders was transported to a hospital where she received seven (7) stitches for a facial laceration.

City of Pittsburgh Police Detective Clay Brough testified that he, along with other law enforcement officers, responded to Sanders's apartment for an assault in progress. Upon arrival, he encountered Sanders in a stairwell. She was bleeding from a cut on her forehead and her dress was bloodied. The responding officers['] interactions with both Sanders and [Williams] were captured on body worn camera (BWC) and played at trial. Detective Brough stated that he spoke to Sanders and [Williams], who was inside the apartment. He observed a significant amount of blood on the floor and located a frying pan that was dented and appeared to have blood on it. [Williams] stated that she hit Sanders after Sanders struck her. No injuries were observed on [Williams].

- 2 -

[Williams] confirmed that she dated Sanders's son and further testified she had been living at the apartment since September 8, 2022. On the morning of February 20, 2023, only Sanders and [Williams] were inside the apartment. [Williams] testified that she had been up for several hours prior to Sanders coming out of her bedroom. She explained that Sanders called her "nasty" and complained about [Williams] not cleaning up after herself. [Williams] maintained that she entered a bedroom to get dressed for work and Sanders followed her and continued to argue with her and also smacked [Williams] in the face. When Sanders attempted to continue a physical assault, [Williams] grabbed Sanders by the arms. She described that this argument went on for twenty (20) to thirty (30) minutes. Sanders then went into the living room and [Williams] finished getting dressed. When [Williams] entered the living room, Sanders grabbed a frying pan from the kitchen and struck [Williams] in the face. When Sanders attempted to hit [Williams] a second time, [Williams] pushed Sanders away. [Williams] stated she sustained injuries consisting of swelling to the side of her face but did not seek any medical treatment. She also testified that Sanders "scratched me all up my face" explaining those injuries did not show up until later. [Williams] denied knowing Sanders sustained any injuries, and explained if she did Sanders caused them to herself.

Rule 1925(a) Opinion ("1925(a) Op."), filed March 11, 2025, at 3-6. The court sentenced Williams to five to 23 months' incarceration followed by a consecutive term of 18 months' reporting probation. Williams filed a post-sentence motion challenging the weight of the evidence and her sentence. The court denied the motion, and this timely appeal followed.

On appeal, counsel filed an **Anders** brief and motion to withdraw as counsel, maintaining that the appeal is wholly frivolous. Before we review Williams's appeal, we must first determine if counsel has satisfied the procedural requirements to withdraw as counsel. **Commonwealth v.**

- 3 -

*Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). When counsel has filed an *Anders* brief and seeks to withdraw representation, counsel must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [counsel] deems worthy of this Court's attention.

*Commonwealth v. Watts*, 283 A.3d 1252, 1254 (Pa.Super. 2022) (citation omitted). Additionally, counsel's *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

If counsel has met the foregoing requirements, we then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).

Here, counsel has met the procedural requirements for withdrawal. His *Anders* brief includes a summary of the procedural and factual history with citations to the record. Counsel also identified two issues, gives his conclusion that the appeal is frivolous and reasons for his conclusion, with controlling case law and citations to the record. Counsel has also sent Williams a copy of the *Anders* brief and advised her of her right to retain private counsel or proceed *pro se* to raise any additional issues she would like this Court to review. Williams did not submit any additional briefing to this Court. We now turn to the issues raised in counsel's brief.

Counsel has identified two issues in the *Anders* brief, which we summarize as follows:

1. Whether the verdict was so contrary to the weight of the evidence that the trial court abused its discretion by failing to order a new trial?

2. Whether the sentence imposed on Ms. Williams was manifestly excessive such that the sentencing court abused its discretion in sentencing her?

*Anders* Br. at 11, 15.[3]

_____

[3] Counsel raised the following question in the statement of questions presented: "Should this Honorable Court grant counsel's motion to withdraw after a full review of the record reveals no non-frivolous grounds for appeal?" *Anders* Br. at 3. This question does not identify the issues that Williams sought to have reviewed. However, we have identified Williams's issues from the argument section of the *Anders* brief. *See Commonwealth v. Aquino-Oquendo*, No. 974 MDA 2023, 2024 WL 2034828, at *2 n.4 (Pa.Super. filed May 7, 2024) (July 12, 2024) (unpublished mem.) (identifying appellant's issues from argument section of *Anders* brief where counsel failed to include a statement of questions presented).

For the first issue, counsel identified a challenge to the weight of the evidence. He explains that Williams alleged that "the [t]rial [c]ourt should have ordered a new trial to litigate the length of Ms. Sanders' laceration and the status of Ms. Williams'[s] licensure to be in the apartment." *Id.* at 15. Counsel determined this claim to be frivolous. Counsel noted that the court did not find Williams's testimony at trial credible. Additionally, counsel maintains that regardless of any inconsistency in the testimony regarding the length of Sanders's scar or whether Williams had permission to be in the apartment, the record "provide[s] no basis for challenging the verdict of guilty." *Id.*

We review a challenge to the weight of the evidence for an abuse of discretion. *See Commonwealth v. Johnson*, 192 A.3d 1149, 1152-53 (Pa.Super. 2018). "A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the verdict was so contrary to the evidence that it shocks the trial court's sense of justice." *Commonwealth v. Weitzel*, 304 A.3d 1219, 1226 (Pa.Super. 2023).

Williams's claim is frivolous. Here, as counsel noted, the court did not credit Williams's testimony that the victim hit her. Additionally, the physical evidence contradicted Williams's version of what occurred. When police arrived at the scene, they found the victim bleeding, a dented frying pan with blood on it, and encountered Williams, who had no visible injuries. There is no reasonable basis on which to challenge the trial court's rejection of Williams's weight claim.

Counsel also identified an issue related to the court's discretion in imposing Williams's sentence. He notes that Williams alleges "that the sentence imposed reflected only the serious nature of the crime[.]" **Anders** Br. at 20. Counsel found this claim to be frivolous. He explained that the trial court gave its reasoning for the sentence, took Williams's mitigating factors into account, and considered the presentence investigation report ("PSI"). Counsel also pointed out that the court imposed a sentence that was below the standard range of the Sentencing Guidelines.

The issue identified by counsel challenges the discretionary aspects of sentence. **See Commonwealth v. Andrews**, 213 A.3d 1004, 1016 (Pa.Super. 2019). We must first determine:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** (citation omitted).

Here, Williams satisfies the first two prongs. Counsel did not include a Rule 2119(f) statement in the **Anders** brief; however, this omission does not preclude us from reviewing whether Williams's sentencing issue is frivolous. **See Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 184 (Pa.Super. 2016) (reviewing appellant's discretionary claim despite counsel's failure to include Rule 2119(f) statement in **Anders** brief). Moreover, Williams has

raised a substantial question. *See Commonwealth v. Bricker*, 41 A.3d 872, 875 (Pa.Super. 2012) ("averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question").

Sentencing is within the discretion of the court. *See Commonwealth v. Moury*, 992 A.2d 162, 169 (Pa.Super. 2010). An abuse of discretion occurs when "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* at 169-70 (citation omitted).

Here, the court states that it conducted "a thorough examination of the sentencing standards" set forth in the Sentencing Code. 1925(a) Op. at 12.

> The record clearly demonstrates that the sentencing guidelines were read into the record, that the pre-sentence investigation report was reviewed, and the Court was offered a victim impact statement from Sanders and an allocution from [Williams]. Sentencing Transcript (S.T.), November 21, 2024, pp. 2-10.

*Id.* at 12-13.

Before sentencing Williams, the court reviewed the PSI, noted that she had a prior record score of zero, and noted that she did not have a history of crimes of violence. *See* N.T., Sentencing, at 3, 4, 12. It also heard from Williams, who expressed her remorse and requested a probationary sentence. *Id.* at 10. While considering these factors, the court explained that it found it "difficult" to impose a term of probation considering the facts of the case. *Id.* at 12. We agree that this issue is frivolous.

We find no other non-frivolous issues upon our independent review of the entire record. We therefore grant counsel's motion to withdraw and affirm Williams's judgment of sentence.

Judgment of sentence affirmed. Motion to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/02/2025