2024 PA Super 21

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT AUGUST SCHIFANO | : | |
| | : | |
| Appellant | : | No. 264 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 3, 2023
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0003941-2020

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.*

OPINION BY PANELLA, P.J.:                          **FILED: February 9, 2024**

Robert Schifano was charged with several summary traffic offenses and Driving Under the Influence of Alcohol or a Controlled Substance ("DUI"), 75 Pa. C.S.A. § 3802(d)(1), after being pulled over for a traffic stop and admitting he had ingested medical marijuana that day. A jury ultimately convicted Schifano of the DUI charge. On appeal, Schifano argues the evidence was insufficient to support the DUI conviction because, according to Schifano, medical marijuana is not a Schedule I controlled substance for purposes of Section 3802(d)(1). He also asserts the court abused its discretion by refusing to charge the jury to that effect. In addition, Schifano contends the court erred by requiring him to pay the costs of the Commonwealth's expert witness as part of his sentence. We affirm.

---

* Former Justice specially assigned to the Superior Court.

As an initial matter, we note that the certified record does not contain either the transcript from the jury trial or Schifano's sentencing hearing. And, as discussed more fully below, our Prothonotary was unable to supplement the record to include those transcripts upon informal inquiry. Although the appeal could arguably be dismissed in its entirety in light of these circumstances, we decline to do so. Instead, we find we can ultimately reach the merits of Schifano's issues despite the deficient record and to the extent they are based on undisputed facts. We agree with the trial court that these issues merit no relief.

The trial court summarized the facts underlying Schifano's conviction. *See* Trial Court Opinion, 4/20/2023, at 1-4. Of course, despite our confidence in the trial court's review, without the transcripts, we are unable to independently verify that the record supports that summary. However, the facts relevant to this appeal are largely undisputed. In brief, the trial court recounted that Schifano was pulled over for a traffic stop. During the stop, Schifano admitted to the trooper who pulled him over that earlier in the day he had ingested medical marijuana prescribed to him with a valid medical marijuana card. Schifano consented to a blood test, which was confirmed to contain three substances related to marijuana, including the metabolite Delta-9 THC.

Based on this incident, the Commonwealth charged Schifano with several summary traffic offenses. It also charged Schifano with DUI pursuant

to Section 3802(d)(1), which prohibits a person from driving if there is any amount of a Schedule I controlled substance, as defined by the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S.A. § 780-101 *et seq*. ("CSA"), or a metabolite of that substance, in their blood. **See** 75 Pa.C.S.A. § 3802(d)(1)(i),(iii).

The matter proceeded to a jury trial, and the jury convicted Schifano of the DUI offense. The trial court held a bench trial on the summary offenses, after which it found Schifano guilty of the summary offense of obedience to traffic control devices. Following a sentencing hearing, the court sentenced Schifano to serve five years of probation with restrictive conditions of home electronic monitoring for 90 days. The court also ordered Schifano to pay*, inter alia*, $2,500 for the Commonwealth's expert witness fees.

Schifano filed a timely notice of appeal. Along with the notice of appeal, Schifano attached a document stating that a notice of appeal had been filed and that the complete transcript had been lodged of record. Schifano complied with the court's order to file a Pa.R.A.P. 1925(b) statement. In response, the court issued a Rule 1925(a) opinion thoroughly considering each of the issues raised by Schifano and explaining why none of those issued entitled him to relief. Schifano now raises the following three issues in his appeal:

I.      Whether the evidence was insufficient to sustain a guilty verdict for driving under the influence of a controlled substance since the Commonwealth failed to prove beyond a reasonable doubt that [Schifano] had any amount of a controlled substance in his blood, when [Schifano] consumed medical marijuana pursuant to a valid medical marijuana identification card thus

> removing it from the definition of a Schedule I controlled substance as defined by the [CSA]?
>
> II. Whether the lower court erred in granting the proposed jury instruction as submitted by the Commonwealth and erred in its denial of [Schifano's] requested jury instruction regarding medical marijuana?
>
> III. Whether the lower court erred in its imposition of restitution upon the defendant to pay for the appearance of a Commonwealth witness when there is no statutory authority permitting this type of restitution, thus resulting in the [imposition] of an illegal sentence?

Appellant's Brief at 9, 13, 15.

Before we can consider the merits of these claims, we must first address the fact that the certified record does not contain the transcript from either the jury trial or the sentencing hearing. Upon informal inquiry by our Prothonotary, the Westmoreland County's clerk of courts informed the Prothonotary that no transcripts had been filed with their office in this case, as counsel had failed to properly submit a request for the transcripts. As such, the clerk of courts did not have any transcripts that could be made a part of the certified record and forwarded to this Court.

Our review of the certified record supports the representation that counsel did not properly request the transcripts to be filed and made a part of the record. Although counsel averred that the complete transcript had been lodged of record, we fail to see any request for transcripts that complies with our Rules of Appellate Procedure in the record that was sent to us. **See** Pa.R.A.P. 1911(c); Pa.R.A.P. 1921; Pa.R.A.P. 1922.

- 4 -

Of course, it is the appellant's burden to ensure that the certified record contains that which is necessary for this Court to properly resolve the issues raised on appeal, including any transcripts. *See Commonwealth v. Midgley*, 289 A.3d 1111, 1120 (Pa. Super. 2023). When the appellant fails to take the proper steps required for the preparation of transcripts, our Rules of Appellate Procedure allow for this Court to take any appropriate action, including dismissing the appeal in its entirety. *See* Pa.R.A.P. 1911(d). However, as noted above, we decline to order such a dismissal as the circumstances presented by this appeal allow for us to reach the merits of Schifano's claims to the extent they are based on undisputed facts and present a legal question.

In his first claim, Schifano argues the evidence was insufficient to support his DUI conviction. Importantly, and as his statement of the issue makes clear, Schifano does not dispute that he had marijuana in his system when he was pulled over for a traffic stop. Nor does he dispute that marijuana is listed as a Schedule I controlled substance under the CSA. He contends, however, that the marijuana in his system was medical marijuana ingested pursuant to a valid medical marijuana card issued to him under the Medical Marijuana Act. According to Schifano, there is a legal distinction between medical marijuana and illegal marijuana, and he urges us to find that medical marijuana consumed in compliance with the Medical Marijuana Act is not a Schedule I controlled substance for purposes of Section 3802(d)(1). To the extent Schifano's argument raises a legal question based on undisputed facts,

we are able to reach the merits of that question even in the absence of the transcripts. We find no error in the trial court's conclusion that this claim does not warrant any relief.

As noted above, Section 3802(d)(1)(i) of the Vehicle Code prohibits an individual from operating a motor vehicle when there is any amount of a Schedule I controlled substance in their blood. **See** 75 Pa. C.S.A. § 3802(d)(1)(i). Accordingly, to sustain a conviction for DUI under Section 3802(d)(1)(i), the Commonwealth need only prove that the driver operated a motor vehicle when there was any amount of a Schedule I controlled substance in their blood. **See Commonwealth v. Watts**, 283 A.3d 1252, 1256 (Pa. Super. 2022). It need not prove that there was any specific amount of the controlled substance in the driver's blood or that the driver was impaired. **See Commonwealth v. Etchison**, 916 A.2d 1169, 1174 (Pa. Super. 2007).

Marijuana is listed as a Schedule I controlled substance under the CSA. **See** 35 P.S.A. § 780-104(1)(iv). This Court has specifically held that medical marijuana is included in that schedule designation for purposes of Section 3802(d)(1)(i), and that there is no distinction between illegal and medical marijuana for purposes of prosecuting a person under that section. **See Watts**, 283 A.3d at 1256 (rejecting the appellant's argument that medical marijuana is not a Schedule I controlled substance for purposes of Section 3802(d)(1)(i)); **Commonwealth v. Dabney**, 274 A.3d 1283, 1291 (Pa.

Super. 2022) (stating that all marijuana, medical or otherwise, remains a Schedule I controlled substance). A petition for allowance of appeal from our opinion in **Dabney** was denied by the Pennsylvania Supreme Court on October 25, 2022. **See Commonwealth v. Dabney**, 286 A.3d 1233 (Pa. 2022)(Table).[1] As such, this Court has held that Section 3802(d)(1)(i) prohibits one from driving with any amount of marijuana, medical or not, in one's blood. **See id.**

Based on **Watts** and **Dabney**, as well as a string of non-precedential decisions by this Court concluding that medical marijuana is a Schedule I controlled substance and Section 3802(d)(1)(i) therefore prohibits driving with any amount of medical marijuana in one's blood, the trial court concluded there was no merit to Schifano's claim that the evidence was insufficient to support his DUI conviction because it was medical marijuana in his blood. **See** Trial Court Opinion, 4/20/2023, at 6-8.

We discern no error in the court's conclusion, as it is clearly supported by our caselaw. Therefore, even if this claim were waived on the basis of the deficient record, no relief would be due.

---

[1] Furthermore, the **Dabney** decision was followed and adopted by the Superior Court in **Commonwealth v. Nunemaker**, 289 A.3d 88 (Pa. Super. 2022)(unpublished memorandum). We note that the Supreme Court of Pennsylvania denied a petition for allowance of appeal in **Nunemaker** on May 23, 2023. **See Commonwealth v. Nunemaker**, 298 A.3d 379 (Pa. 2023)(Table).

In his second issue, Schifano complains the trial court erred by refusing to instruct the jury that medical marijuana is not a Schedule I controlled substance. Again, to the extent we can review the merits of this issue, we find no error in the court's conclusion that the issue is baseless.

As an initial matter, the trial court found Schifano had waived this issue. The court noted that there had been argument from both counsel regarding the proper charge to be given to the jury on medical marijuana during the conference charge, with Schifano generally proposing the court instruct the jury that medical marijuana is not a Schedule I controlled substance and the Commonwealth generally proposing the court instruct the jury that it is still listed in the statute as a Schedule I controlled substance. The court ultimately decided it would read the Commonwealth's proposed charge.

The trial court explained that after the court gave the instructions to the jury, including the Commonwealth's proposed charge on medical marijuana, counsel did not lodge an objection to the medical marijuana charge when the court asked counsel if there were any concerns with the instructions before the jury was sent to deliberate. The trial court found Schifano had waived any challenge to the medical marijuana charge on that basis. The court nonetheless went on to state that, based on its discussion of the caselaw when disposing of Schifano's first issue, it was clear the court had not erred in declining to charge the jury that medical marijuana is not a Schedule I controlled substance.

Schifano takes issue with the court's finding of waiver because he contends he raised a specific objection to the Commonwealth's proposed instruction on medical marijuana at the charging conference and this action preserved the issue for appeal. Given our inability to review the transcript, however, we are unable to properly assess Schifano's claim. Accordingly, Schifano has not provided us with any basis on which we can disturb the trial court's conclusion on waiver. However, even if the issue had not been waived, we agree with the trial court's conclusion that based upon the caselaw discussed in Schifano's first issue "there is no support in the law for [Schifano's] proposed instruction that medical marijuana is not a Schedule I controlled substance." Trial Court Opinion, 4/20/2023, at 12. Therefore, even if not waived, the issue would not have entitled Schifano to any relief.

In his third and final claim, Schifano argues the trial court erred by sentencing him to pay $2,500 in restitution for the Commonwealth's expert witness fees. This final claim is also meritless.

In support of his claim, Schifano explains he is classifying the payment as restitution given that the sentencing order specifically states that he is to pay restitution to the Westmoreland County district attorney's office in the amount of $2,500. Although Schifano does not attempt to explain the significance of classifying the payment as restitution, we note this Court has stated:

> It is well-established that the Commonwealth is not a victim entitled to restitution. However, what the Commonwealth is

statutorily authorized to receive are costs of prosecution. **See** 18 Pa. C.S.A. § 9728(g) ("any … costs associated with the prosecution[ ]shall be borne by the defendant[.]"); 16 P.S.A. § 7708 ("[T]he expenses of the district attorney in connection with [the] prosecution, shall be considered a part of the costs of the case [ ] and be paid by the defendant.").

***Commonwealth v. Baney***, 187 A.3d 1020, 1024 (Pa. Super. 2018).

The Commonwealth points out that, although Schifano refers to the payment of the expert witness fees at issue here as restitution, those fees were specifically characterized throughout the sentencing hearing as "costs of prosecution." **See** Commonwealth's Brief at 20. Schifano acknowledges this in his brief. **See** Appellant's Brief at 15. Schifano also acknowledges that the trial court specifically explained that "although [Schifano] references this payment as "restitution," this Court ordered the assessment as costs of prosecution." Trial Court Opinion, 4/20/2023, at 13 n.8; Appellant's Brief at 15. Given that Schifano does not dispute that the expert witness fees were treated as costs of prosecution by the court at the sentencing hearing, our inability to review the sentencing hearing transcript does not prevent us from reaching the merits of his claim.

Schifano argues, in essence, that there is no statutory authority to support the trial court's order that he pay the costs associated with the appearance of the Commonwealth's expert witness at trial. This claim fails.

In ordering Schifano to pay the costs for the Commonwealth's expert witness, the trial court relied on, *inter alia*, 16 P.S.A. § 4403, which governs

- 10 -

expenses incurred by the district attorney in second class counties. Section 4403 provides in relevant part:

> In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant.

16 P.S.A. § 4403.

In arguing this statute is inapplicable to expert witness costs such as the ones he was ordered to pay, Schifano summarily asserts that "the statute does not even mention expert witness costs, but rather expenses." Appellant's Brief at 16. However, this Court has held that costs of prosecution "include, but are not limited to, the costs of convening an investigating grand jury, expert witness fees, clerk costs, 'buy money,' and other expert witness costs to investigate these crimes." **Baney**, 187 A.3d 1020, 1024 (Pa. Super. 2018). While it is true **Baney** involved 16 P.S.A. § 7708, which involves expenses incurred by district attorneys in counties of the first class, the relevant language in both statutes is identical in all material aspects. We are therefore not persuaded that the trial court erred by ordering Schifano to pay the expert witness fees as costs of prosecution.

Accordingly, even if this issue were not waived because of the failure to provide this Court with the sentencing hearing transcript, we see no error in the trial court's conclusion that the claim lacks merit. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/09/2024