J-S43022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALONZO TAYLOR HARDING, V | : | |
| | : | |
| Appellant | : | No. 923 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 12, 2024
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0003348-2022

BEFORE: BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY STABILE, J.: **FILED APRIL 10, 2025**

Appellant, Alonzo Taylor Harding, V, appeals from the judgment of sentence entered in the Court of Common Pleas of Chester County on March 12, 2024. He challenges the sufficiency of the evidence. Upon review, we affirm.

On November 1, 2023, following a combination suppression hearing and non-jury trial, Appellant was convicted of: (1) driving under the influence ("DUI") – controlled substances (schedule I)[1]; (2) DUI – controlled substance (metabolite)[2]; and (3) DUI – general impairment (combination of drugs)[3]. On March 12, 2024, Appellant was sentenced to a term of 72 hours to 6 months

---

[1] 75 Pa.C.S.A. § 3802(d)(1)(i).

[2] 75 Pa.C.S.A. § 3802(d)(1)(iii).

[3] 75 Pa.C.S.A. § 3802(d)(2).

imprisonment for his conviction under Section 3802(d)(1)(i). The remaining DUI counts merged for sentencing.

Appellant filed a notice of appeal on March 18, 2024. On April 3, 2024, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant failed to do so. As a result, the Commonwealth now asks us to find waiver. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). We decline to find waiver.

Rule 1925 permits us to order relief when counsel fails to file a concise statement when ordered:

> If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). Due to counsel's failure to file a concise statement, we could remand this matter for appointment of new counsel, a *nunc pro tunc* concise statement and a trial court opinion. However, despite counsel's failure, the trial court filed an opinion which addressed the issues raised in Appellant's brief. Therefore, a remand for the preparation of a trial court opinion is not necessary. *See Commonwealth v. Stauffenberg*, 318 A.3d 399, 405 n.4 (Pa. Super. 2024) (appellant failed to file a Rule 1925(b)

statement, but the trial court filed a Rule 1925(a) opinion nonetheless; therefore, this Court declined to remand).

In his brief, Appellant asserts two claims for relief:

A. Does the evidence of record fail to establish that [Appellant] was Driving under the Influence of Alcohol or Controlled Substance under 75 Pa.C.S.A. [§] 3802(d)(1)(i), (ii), (iii), (2)?

B. Did [Appellant] had ineffective counsel at the time of the Hearing conducted on November 2, 2023?

Appellant's Brief, at 4.

As stated, Appellant's first claim appears to challenge the sufficiency of the evidence under four different subsections of Section 3802(d)(1). However, Appellant's argument on the issue focuses on the basis for the traffic stop, which was denied by the trial court after a suppression hearing.[4]

---

[4] Appellant's brief is wholly undeveloped and not in compliance with the Rules of Appellate Procedure. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); **see also** Pa.R.A.P. 2101 (if a brief fails to conform with the rules, we may dismiss or quash the appeal). Appellant's entire argument consists of four paragraphs over one and a half pages. Appellant's brief violates Rule 2119(a), (b), and (c). There is only one part to the argument section, despite two issues presented in the statement of questions. Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"). There is no reference to the record. Pa.R.A.P. 2119(b). Nor are there full citations to authorities. Pa.R.A.P. 2119(c).

While we decline to quash or find waiver in this case, we admonish defense counsel and remind him to comply with the Rules of Appellate Procedure going forward.

To the extent Appellant challenges the denial of his suppression motion, our standard of review is

> limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted.

*Commonwealth v. Yandamuri*, 159 A.3d 503, 516 (Pa. 2017) (internal citations omitted). Our scope of review is limited to the record created during the suppression hearing. *In re L.J.*, *supra*.

"It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v. Luczki*, 212 A.3d 530, 542 (Pa. Super. 2019). "If there is sufficient evidence of record to support the suppression court's ruling and the court has not misapplied the law, we will not substitute our credibility determinations for those of the suppression court judge." *Commonwealth v. Johnson*, 86 A.3d 182, 187 (Pa. 2014).

In denying Appellant's motion, the trial court explained:

[O]n August 1, 2022, at approximately 8:58 a.m., Trooper Grassenmeyer was on duty and had started her MVR because she was initially following a truck when she saw another vehicle, a green-blue Buick sedan, operated by Appellant. When passing Appellant's vehicle, Trooper Grassenmeyer observed Appellant flick a cigarette out of the window that hit the hood of her marked police vehicle and subsequently disregarded the truck to follow Appellant. Trooper Grassenmeyer then observed Appellant

deposit ash out the window. Her observation of the flicked cigarette and deposited ash satisfy the requisite probable cause to believe a traffic code violation has occurred, specifically, 75 Pa.C.S.A. § 3709(a) Depositing Waste and Other Material on Highway[,] and therefore[,] could have performed [a] legal traffic stop at that time. She observed Appellant's vehicle failing to maintain its lane of travel, driving on the fog line, speeding up and following the vehicle in front too closely, which in their totality, constitute reasonable suspicion of a driver being under the influence, irrespective of the traffic code violation observation. Using emergency lights and siren, the trooper initiated a traffic stop. When pulling over, she noticed Appellant's vehicle's third brake light was out, constituting more probable cause to believe a traffic code violation has occurred.

Trial Court Opinion, 6/28/24, at 3. We agree with the trial court's analysis.

The quantum of suspicion required for a valid traffic stop depends on the officer's need to investigate a suspected violation of the Motor Vehicle Code. *See Commonwealth v. Feczko*, 10 A.3d 1285, 1290-91 (Pa. Super. 2010) (*en banc*). Where a stop would not serve an investigatory purpose relevant to the suspected violation, an officer must have probable cause. *Id.* Conversely, where a stop does serve an investigatory purpose, an officer must only possess reasonable suspicion. *Id.* Here, the trial court noted that Trooper Grassenmeyer had both probable cause to conduct a traffic stop for a violation of Section 3709(a), and reasonable suspicion to conduct a traffic stop on the basis that Appellant was driving under the influence.

Section 3709 of the Motor Vehicle Code provides, in relevant part, that "[n]o person shall throw or deposit, upon any highway, or any public or private property without the consent of the owner . . . from a vehicle, any . . . ashes . . . or any dangerous or detrimental substance." 75 Pa.C.S.A. § 3709(a).

During the suppression hearing, Trooper Grassenmeyer testified that she observed the driver of a Buck sedan, later identified as Appellant, flick a cigarette out of the window, which hit the trooper's vehicle. N.T. Suppression, 11/2/23, at 9-10. The trial court found the trooper's testimony credible, and this Court must defer to the credibility determinations of the trial court. *See Luczki*, *Johnson*, *supra.* Thus, we conclude the trial court did not err in determining that the trooper had probable cause to stop Appellant's vehicle.

To the extent Appellant challenges the sufficiency of the evidence, he failed to file a Rule 1925(b) statement specifying which element or elements he believed the evidence was insufficient to support. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (the appellant's Pa.R.A.P. 1925(b) statement must "specify the element or elements upon which the evidence was insufficient" to preserve a sufficiency claim). Thus, the claim is waived.

Even if this claim was not waived, Appellant would not be entitled to relief. Appellant was sentenced under Section 3802(d)(1)(i) which states that "[a]n individual may not drive, operate, or be in actual physical control of the movement of a vehicle [if t]here is in the individual's blood any amount of a Schedule I controlled substance[.]" 75 Pa.C.S.A. § 3802(d)(1)(i). After Appellant was arrested, he consented to a blood draw, the results of which confirmed the presence of THC, a Schedule I drug. As Appellant was driving the vehicle at the time of the stop, the blood test, alone, is sufficient to sustain his DUI conviction. *See Commonwealth v. Schifano*, 310 A.3d 769, 773

(Pa. Super. 2024) ("the Commonwealth need only prove that the driver operated a motor vehicle when there was any amount of a Schedule I controlled substance in their blood.").

Finally, "claims of ineffective assistance of counsel are to be deferred to [Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46] review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013). There are three exceptions to this general rule: (1) where the trial court determines the ineffectiveness claim is both meritorious and apparent from the record; (2) where a defendant knowingly, voluntarily, and expressly waives collateral review under the Post Conviction Relief Act; and (3) where the defendant is statutorily precluded from obtaining subsequent PCRA review. **Id.** at 577-78; **Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018). Appellant has not argued any of these exceptions in his appeal; therefore, Appellant's ineffectiveness claim is premature.

Accordingly, we affirm the judgment of sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/10/2025