J-A20019-25; J-A20020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SITUS PROPERTIES, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JENKINS COURT REALTY CO., LP | : | |
| | : | |
| Appellant | : | No. 3210 EDA 2024 |

Appeal from the Judgment Entered November 19, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2020-12065

| | | |
|---|---|---|
| SITUS PROPERTIES, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JENKINS COURT REALTY CO., LP | : | |
| | : | |
| Appellant | : | No. 394 EDA 2025 |

Appeal from the Judgment Entered February 2, 2025
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2020-12065

BEFORE:   MURRAY, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:               **FILED OCTOBER 9, 2025**

Jenkins  Court  Realty  Co.,  LP  ("Jenkins  Court")  appeals  from  the

judgment entered in favor of Situs Properties, Inc. ("Situs Properties") and

against it. It further appeals from the order granting Situs Properties' motion

_____

[*] Retired Senior Judge assigned to the Superior Court.

for attorneys' fees. We conclude the appeals are timely and that Jenkins Court did not waive its issues for its initial failure to request transcripts of the post-trial motion hearing. We remand to the trial court for issuance of an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

Jenkins Court owns a multi-story, multi-tenant property at 610 Old York Road in Jenkintown, Pennsylvania. In January 2019, it entered into an exclusive agency agreement with Situs Properties such that Situs Properties was its agent for leasing or selling the property ("Agency Agreement").

When the parties entered into the Agency Agreement, Outback Steakhouse of Florida ("Outback") was an existing tenant of Jenkins Court. Stipulation of Undisputed Facts, filed Sept. 3, 2024, at ¶ 4. In June 2019, Outback exercised its option to renew the lease for an additional term commencing in May 2020. *Id.* at 5. The current dispute involves whether Jenkins Court owes Situs Properties a commission based on this renewal.

In April 2020, Situs Properties sent Jenkins Court an invoice for payment of the commission for the renewal of Outback's lease. Situs Properties filed a notice of lien in July 2020. Jenkins Court filed a petition to strike, asserting that Jenkins Court did not owe Situs Properties a commission based on the renewal. It maintained that Situs Properties had not procured the tenant as required to earn a commission under the Agency Agreement.[1] The trial court

_____

[1] Section 3 of the Agency Agreement provides:

*(Footnote Continued Next Page)*

denied the petition. Jenkins Court appealed, and this Court quashed the appeal as interlocutory.

In September 2021, Situs Properties filed a complaint to enforce the lien. Following a September 2024 bench trial, the trial court found in favor of Jenkins Court and against Situs Properties.[2] Situs Properties moved for post-trial relief. Following a hearing, the court entered an order granting the motion and vacating the verdict in favor of Jenkins Court. It now found in favor of

---

> A commission is earned, due and payable to AGENT when the OWNER has entered into a written lease agreement with a tenant, or an agreement of sale with a buyer, or conveys the premises to a buyer, during the term of this [Agency] Agreement, that remains valid and in full force and effect at the time the commission is due and payable (hereinafter referred to as "procures a tenant or buyer"). Furthermore, during the term of this [Agency] Agreement, or after termination of this Agreement under the circumstances provided for in SECTION 4, AGENT, OWNER, any other agent, broker, or other person or entity, procures a tenant or buyer for the Premises, or any part thereof, or any interest therein, OWNER shall pay AGENT a Sale Commission or Leasing Commission as set forth below:

> Leasing Commission: . . . AGENT shall also be paid a commission (i) on options, renewals, and all subsequent periods of occupancy in the amount of the aggregate Rent according to the first sentence of this subparagraph to be paid at the commencement of the lease term . . .

Complaint, filed Sept. 2, 2021, at Exh. A, Exclusive Agency Agreement, at 1.

[2] At the bench trial, the parties stipulated to "not addressing the substance of [Situs Properties'] attorney's fees claims until after [the court's] decision, whether it's by motion or a proofs hearing or whatever [the court] wishes to do." N.T., Sept. 16, 2024, at 6. The parties also agreed to withhold the issue of fees on Jenkins Court's claim for attorney's fees until after the court's ruling. *Id.* at 119.

Situs Properties and awarded damages plus interest. The order allowed Situs Properties 10 days to file a motion for attorneys' fees.

Jenkins Court filed a praecipe to reduce the order to a judgment, and the prothonotary entered judgment. In November 2024, Jenkins Court filed the first appeal captioned above, docketed at 3210 EDA 2024 ("November Appeal"). The notice of appeal stated that transcripts "had been ordered and delivered." Notice of Appeal, filed Nov. 22, 2024. However, Jenkins Court did not order a transcript of the post-trial motion hearing.[3]

Situs Properties then filed in the trial court a motion for attorneys' fees. It also requested prejudgment interest. In January 2025, the court granted Situs Properties' motion for attorneys' fees and molded the verdict to include prejudgment interest and attorneys' fees. The trial court's prothonotary entered judgment, and in February 2025, Jenkins Court filed the second appeal, docketed at 394 EDA 2025 ("February Appeal"). Thereafter, the post-trial motion hearing transcript was docketed.

_____

[3] The certified record does not contain any requests for transcripts. It appears Situs Properties requested the transcripts when it filed its post-trial motions. *See* Plaintiff's Motion for Post-Trial Relief Under Rule 227.1(a), filed Sept. 25, 2024, at 6 n.1 ("Situs has ordered the transcript from the bench trial before this Court, however as of the date of this filing does not have the transcript in its possession."). Both the trial court and Situs Properties also stated that Jenkins Court ordered and paid for the transcript of the bench trial. Trial Ct. Op., filed Jan. 21, 2025, at 6; Motion to Dismiss and/or Quash Appeal, filed Feb. 5, 2025, at ¶ 11. No one disputes that Jenkins Court did not order the post-trial motion hearing transcript before the November Appeal.

In this Court, Situs Properties filed a motion to dismiss/quash the November Appeal for failure to request the post-trial motion hearing transcript. This Court denied the motion without prejudice.

Jenkins Court raises identical issues in both appeals:

A. Whether the Trial Court erred, for the following reasons, as a matter of law and fact, in granting the Motion for Post-Trial Relief under Pa. R.C.P. 227.1(a) filed by . . . Situs Properties, . . . and thus deciding that . . . Jenkins Court . . . ( 1) breached the parties' Exclusive Agency Agreement and therefore (2) owed Situs [Properties] a commission payment:

a. Where the evidence established that Situs [Properties] undertook no action (i) to procure Outback as a tenant or (ii) to procure Outback's exercise of the pre-existing option to renew contained in Outback's 1992 Lease Agreement, which included testimony from Outback representatives that Situs[ Properties'] actions played no role in Outback's decision to exercise the option to renew;

b. Where the Trial Court erroneously interpreted Section 3 of the Exclusive Agency Agreement in a manner that would entitle Situs [Properties] to a commission when Outback exercised its pre-existing option to renew, even though (i) the plain language of Section 3 imposes a requirement that Situs [Properties] take affirmative measures to "procure" a tenant such that Jenkins Court "enter[s] into a written lease agreement with [the] tenant[,]" and (ii) Situs [Properties] took no action to procure Outback as a tenant or to procure Outback's exercise of the option to renew;

c. Where the Trial Court erroneously decided Exhibit "A" to the Exclusive Agency Agreement created an ambiguity or was inconsistent with the construction of Section 3 of the Exclusive Agency Agreement proffered by Jenkins Court; and

d. Where Situs [Properties] breached its obligations under the Exclusive Agency Agreement when it

- 5 -

admittedly disregarded the direct instructions from Jenkins Court on April 26, 2019 to accept Outback's proposal and to thereby consummate the transactions for the Lease renewal.

B. Whether this Honorable Court should Quash this appeal pursuant to Rule 1911 of the Pennsylvania Rules of Appellate Procedure, where the transcript of the oral argument concerning Situs[ Properties'] Post-Trial Motion for Relief presented no evidence for consideration and only related to the legal arguments fully briefed by the parties.

C. Whether the Trial Court erred in deciding that Situs [Properties] was entitled to interest and attorney fees in addition to any commission.

Jenkin Court's Br., 3210 EDA 2024, at 6-7 (suggested answers omitted);

Jenkin Court's Br., 394 EDA 2025, at 6-7 (suggested answers omitted).

The trial court asks us to quash the November Appeal as interlocutory and the February Appeal as duplicative. Regarding the November Appeal, it points out that its order granted the post-trial motion and awarded damages and interest, it also gave Situs Properties time to file a motion for attorneys' fees. **See** Trial Ct. Op., filed Jan. 21, 2025, at 4-5. It concludes that because the issue of attorneys' fees was still outstanding, the order did not resolve all issues between the parties and, therefore, was not a final order from which Jenkins Court could appeal. **Id.** at 5-6.

The court further finds that it cannot address the issues raised in the November Appeal because Jenkins Court did not request a transcript of the post-trial motion hearing. **Id.** at 6. It states that at that hearing, it "asked very specific questions to counsel in an effort to clarify the trial evidence and

arguments." *Id.* It finds the post-trial transcript is necessary to explain its ruling and permit meaningful appellate review. *Id.* at 7.

Regarding the February Appeal, the trial court reasons because this Court denied the application to dismiss the November Appeal, the February appeal was duplicative. *See* Trial Ct. Op., filed Apr. 4, 2025, at 2.[4]

We first address whether the November Appeal was premature. An appeal may be taken from "any final order" that "disposes of all claims and of all parties." Pa.R.A.P. 341(a)-(b). Following a trial without a jury, a trial judge is to issue a decision "dispos[ing] of all claims for relief." Pa.R.Civ.P. 1038(b). A party may file post-trial motions within 10 days after the filing of the decision in the case of a trial without a jury. Pa.R.Civ.P. 227.1(c)(2). Following the disposition of any post-trial motions, the prothonotary "shall, upon praecipe of a party . . . enter judgment upon . . . the decision of a judge following a trial without a jury," if the court has not "itself enter[ed] judgment or order[ed] the prothonotary to do so." *Id.* at 227.4(2).

Generally, "after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a). An exception to this rule is that "[a]fter an appeal is taken . . . the trial court . . . may . . . [t]ake such

_____

[4] Situs Properties' motion to dismiss and/or quash the appeal filed in this Court argued that Jenkins Court waived its issues for failure to request the post-trial motion hearing transcript. It did not argue that the appeal was premature. Further, our order denied the motion "without prejudice to [Situs Properties'] right to again raise the issues in a new application that may be filed after the appeal has been assigned to the Panel of this Court that will decide the merits of this appeal." Order, filed Mar. 3, 2025.

action as may be . . . . otherwise ancillary to the appeal." *Id.* at 1701(b)(1). A motion for attorneys' fees is an ancillary proceeding, which a trial court may address while an appeal of a final order is pending. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 49 (Pa. 2011).

Here, the trial court issued a decision in the case when it entered judgment in favor of Jenkins Court, and Situs Properties then filed timely post-trial motions. Similarly, the trial court's grant of Situs Properties' motion for post-trial relief, in which it found in favor of Situs Properties, was a decision that granted relief and disposed of all claims. Accordingly, we conclude that the November judgment was a final appealable order, as it found in favor of Situs Properties and against Jenkins Court and awarded compensable damages. The motion for attorneys' fees was ancillary to the underlying action, and the court could address that motion while the appeal was pending. The November Appeal was not premature.

We next address whether Jenkins Court waived the issues it raises in the November Appeal by failing to request the transcript of the post-trial motion hearing. We conclude it did not. "The appellant shall request any transcript required under this chapter . . . and make any necessary payment or deposit therefor . . . ." Pa.R.A.P. 1911(a). "If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal." *Id.* at 1911(d). "When the appellant . . . fails to conform to the

requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa.Super. 2006) (*en banc*) (citing ***Commonwealth v. Williams***, 715 A.2d 1101, 1105 (Pa. 1998)). However, this Court has declined to find waiver where the claim was "based on undisputed facts and present[ed] a legal question." ***Commonwealth v. Schifano***, 310 A.3d 769, 772 (Pa.Super. 2024).

A party must file a post-trial motion to preserve issues for appeal. ***See*** Pa.R.A.P. 302; Pa.R.Civ.P. 227.1(b)(2).[5] Absent limited exceptions inapplicable here, a party cannot present new evidence post-trial motion stage. ***See Claudio v. Dean Machine Co.***, 831 A.2d 140, 145 (Pa. 2003) ("[t]he failure of a party to present sufficient evidence before or during trial to support a decision in that party's favor cannot be cured by a motion filed pursuant to Rule 227.1").

In this case, neither the trial court nor Situs Properties alleges that the arguments Jenkins Court advances on appeal differ from those presented to the trial court. Rather, Situs Properties argues the transcript is required because, "[w]hile no new facts or evidence were considered, the [p]ost-[t]rial [a]rgument nevertheless contained critical insights into the [t]rial [c]ourt's

_____

[5] "Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor, . . . are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds." Pa.R.Civ.P. 227.1(b)(2).

consideration of the material issues in the case – including the [t]rial [c]ourt's determinations regarding the weight of the evidence and the substantive matters now raised by Jenkins Court on appeal." Situs Properties' Br. at 34.[6]

Here, the certified record before this Court contains all evidence presented at the trial, as well as the arguments presented by the parties in their briefs filed in support of and in opposition to the post-trial motion. The failure to request the transcript of the post-trial motion hearing does not impede our ability to review the issues raised, which deal with whether the evidence presented at the bench trial supports the trial court's decision. As Jenkins Court preserved its issues in its response to the motion for post-trial relief and its brief in support thereof, and no new facts were presented at the hearing, we decline to find waiver for failure to request the transcripts of the post-trial motion hearing. *See Schifano*, 310 A.3d at 772; *Boyer v. City of Phila.*, 692 A.2d 259, 261 n.5 (Pa.Cmwlth. 1997) (declining to find waiver where the court heard oral argument on post-trial motions without taking evidence, and parties filed post-trial memoranda, but appellant did not order transcript of argument).[7]

_____

[6] *Accord* Trial Ct. Op. filed Jan. 21, 2025, at 6-7 ("the court asked very specific questions to counsel in an effort to clarify the trial evidence and arguments. Based on the responses to same and further review of the underlying record, the court vacated its previous [d]efense verdict and found for [Situs Properties]").

[7] Furthermore, the certified record now contains the missing transcript. Accordingly, even if the transcript was not available at the time of the appeal, it is now part of the certified record.

We next address whether the February appeal is duplicative. We conclude that it is but only in part. To the extent it raises issues as to the substantive issues addressed at trial and in the post-trial motions, we conclude it is duplicative of the November Appeal. However, at the time of the November Appeal, the trial court had not yet addressed Situs Properties' motion for attorneys' fees. Accordingly, the February Appeal is not duplicative insofar as it challenges the award of those fees.[8, 9]

Accordingly, we decline to quash. We remand for the trial court to issue a Rule 1925(a) opinion within 30 days of the date of this Memorandum.

Case remanded with instructions. Jurisdiction retained.

_____

[8] The trial court did not order the filing of a Rule 1925(b) statement following the February appeal. We point out that in the statement of questions presented, Jenkins Court claims the trial court "erred in deciding that Situs [Properties] was entitled to interest and attorney[s'] fees in addition to any commission," which is the issue it raised in the Rule 1925(b) statement for the November appeal. Jenkins Court's Br. at 7; Statement of Matters Complained of on Appeal, filed Dec. 9, 2024, at ¶ 2. In the argument section of its brief, Jenkins Court challenges the grant of the motion for attorneys' fees and the amount of fees awarded. Jenkins Court's Br. at 35 (listing heading of section as "The Trial Court Erred in Awarding Attorneys' Fees to Situs, which were Unreasonable and Nearly Thrice as Large as the Amount of Commissions Sought").

[9] We make no determination as to whether Jenkins Court preserved any challenge to the grant of the motion for attorneys' fees in the trial court.

J-A20019-25; J-A20020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SITUS PROPERTIES, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JENKINS COURT REALTY CO., LP | : | |
| | : | |
| Appellant | : | No. 3210 EDA 2024 |

Appeal from the Judgment Entered November 19, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2020-12065

| | | |
|---|---|---|
| SITUS PROPERTIES, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JENKINS COURT REALTY CO., LP | : | |
| | : | |
| Appellant | : | No. 394 EDA 2025 |

Appeal from the Judgment Entered February 2, 2025
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2020-12065

BEFORE:   MURRAY, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                 **FILED OCTOBER 9, 2025**

Jenkins Court Realty Co., LP ("Jenkins Court") appeals from the judgment entered in favor of Situs Properties, Inc. ("Situs Properties") and against it. It further appeals from the order granting Situs Properties' motion

_____

[*] Retired Senior Judge assigned to the Superior Court.

for attorneys' fees. We conclude the appeals are timely and that Jenkins Court did not waive its issues for its initial failure to request transcripts of the post-trial motion hearing. We remand to the trial court for issuance of an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

Jenkins Court owns a multi-story, multi-tenant property at 610 Old York Road in Jenkintown, Pennsylvania. In January 2019, it entered into an exclusive agency agreement with Situs Properties such that Situs Properties was its agent for leasing or selling the property ("Agency Agreement").

When the parties entered into the Agency Agreement, Outback Steakhouse of Florida ("Outback") was an existing tenant of Jenkins Court. Stipulation of Undisputed Facts, filed Sept. 3, 2024, at ¶ 4. In June 2019, Outback exercised its option to renew the lease for an additional term commencing in May 2020. *Id.* at 5. The current dispute involves whether Jenkins Court owes Situs Properties a commission based on this renewal.

In April 2020, Situs Properties sent Jenkins Court an invoice for payment of the commission for the renewal of Outback's lease. Situs Properties filed a notice of lien in July 2020. Jenkins Court filed a petition to strike, asserting that Jenkins Court did not owe Situs Properties a commission based on the renewal. It maintained that Situs Properties had not procured the tenant as required to earn a commission under the Agency Agreement.[1] The trial court

_____

[1] Section 3 of the Agency Agreement provides:

*(Footnote Continued Next Page)*

denied the petition. Jenkins Court appealed, and this Court quashed the appeal as interlocutory.

In September 2021, Situs Properties filed a complaint to enforce the lien. Following a September 2024 bench trial, the trial court found in favor of Jenkins Court and against Situs Properties.[2] Situs Properties moved for post-trial relief. Following a hearing, the court entered an order granting the motion and vacating the verdict in favor of Jenkins Court. It now found in favor of

---

> A commission is earned, due and payable to AGENT when the OWNER has entered into a written lease agreement with a tenant, or an agreement of sale with a buyer, or conveys the premises to a buyer, during the term of this [Agency] Agreement, that remains valid and in full force and effect at the time the commission is due and payable (hereinafter referred to as "procures a tenant or buyer"). Furthermore, during the term of this [Agency] Agreement, or after termination of this Agreement under the circumstances provided for in SECTION 4, AGENT, OWNER, any other agent, broker, or other person or entity, procures a tenant or buyer for the Premises, or any part thereof, or any interest therein, OWNER shall pay AGENT a Sale Commission or Leasing Commission as set forth below:

> Leasing Commission: . . . AGENT shall also be paid a commission (i) on options, renewals, and all subsequent periods of occupancy in the amount of the aggregate Rent according to the first sentence of this subparagraph to be paid at the commencement of the lease term . . .

Complaint, filed Sept. 2, 2021, at Exh. A, Exclusive Agency Agreement, at 1.

[2] At the bench trial, the parties stipulated to "not addressing the substance of [Situs Properties'] attorney's fees claims until after [the court's] decision, whether it's by motion or a proofs hearing or whatever [the court] wishes to do." N.T., Sept. 16, 2024, at 6. The parties also agreed to withhold the issue of fees on Jenkins Court's claim for attorney's fees until after the court's ruling. *Id.* at 119.

Situs Properties and awarded damages plus interest. The order allowed Situs Properties 10 days to file a motion for attorneys' fees.

Jenkins Court filed a praecipe to reduce the order to a judgment, and the prothonotary entered judgment. In November 2024, Jenkins Court filed the first appeal captioned above, docketed at 3210 EDA 2024 ("November Appeal"). The notice of appeal stated that transcripts "had been ordered and delivered." Notice of Appeal, filed Nov. 22, 2024. However, Jenkins Court did not order a transcript of the post-trial motion hearing.[3]

Situs Properties then filed in the trial court a motion for attorneys' fees. It also requested prejudgment interest. In January 2025, the court granted Situs Properties' motion for attorneys' fees and molded the verdict to include prejudgment interest and attorneys' fees. The trial court's prothonotary entered judgment, and in February 2025, Jenkins Court filed the second appeal, docketed at 394 EDA 2025 ("February Appeal"). Thereafter, the post-trial motion hearing transcript was docketed.

_____

[3] The certified record does not contain any requests for transcripts. It appears Situs Properties requested the transcripts when it filed its post-trial motions. *See* Plaintiff's Motion for Post-Trial Relief Under Rule 227.1(a), filed Sept. 25, 2024, at 6 n.1 ("Situs has ordered the transcript from the bench trial before this Court, however as of the date of this filing does not have the transcript in its possession."). Both the trial court and Situs Properties also stated that Jenkins Court ordered and paid for the transcript of the bench trial. Trial Ct. Op., filed Jan. 21, 2025, at 6; Motion to Dismiss and/or Quash Appeal, filed Feb. 5, 2025, at ¶ 11. No one disputes that Jenkins Court did not order the post-trial motion hearing transcript before the November Appeal.

In this Court, Situs Properties filed a motion to dismiss/quash the November Appeal for failure to request the post-trial motion hearing transcript. This Court denied the motion without prejudice.

Jenkins Court raises identical issues in both appeals:

A. Whether the Trial Court erred, for the following reasons, as a matter of law and fact, in granting the Motion for Post-Trial Relief under Pa. R.C.P. 227.1(a) filed by . . . Situs Properties, . . . and thus deciding that . . . Jenkins Court . . . ( 1) breached the parties' Exclusive Agency Agreement and therefore (2) owed Situs [Properties] a commission payment:

a. Where the evidence established that Situs [Properties] undertook no action (i) to procure Outback as a tenant or (ii) to procure Outback's exercise of the pre-existing option to renew contained in Outback's 1992 Lease Agreement, which included testimony from Outback representatives that Situs[ Properties'] actions played no role in Outback's decision to exercise the option to renew;

b. Where the Trial Court erroneously interpreted Section 3 of the Exclusive Agency Agreement in a manner that would entitle Situs [Properties] to a commission when Outback exercised its pre-existing option to renew, even though (i) the plain language of Section 3 imposes a requirement that Situs [Properties] take affirmative measures to "procure" a tenant such that Jenkins Court "enter[s] into a written lease agreement with [the] tenant[,]" and (ii) Situs [Properties] took no action to procure Outback as a tenant or to procure Outback's exercise of the option to renew;

c. Where the Trial Court erroneously decided Exhibit "A" to the Exclusive Agency Agreement created an ambiguity or was inconsistent with the construction of Section 3 of the Exclusive Agency Agreement proffered by Jenkins Court; and

d. Where Situs [Properties] breached its obligations under the Exclusive Agency Agreement when it

- 5 -

admittedly disregarded the direct instructions from Jenkins Court on April 26, 2019 to accept Outback's proposal and to thereby consummate the transactions for the Lease renewal.

B. Whether this Honorable Court should Quash this appeal pursuant to Rule 1911 of the Pennsylvania Rules of Appellate Procedure, where the transcript of the oral argument concerning Situs[ Properties'] Post-Trial Motion for Relief presented no evidence for consideration and only related to the legal arguments fully briefed by the parties.

C. Whether the Trial Court erred in deciding that Situs [Properties] was entitled to interest and attorney fees in addition to any commission.

Jenkin Court's Br., 3210 EDA 2024, at 6-7 (suggested answers omitted);

Jenkin Court's Br., 394 EDA 2025, at 6-7 (suggested answers omitted).

The trial court asks us to quash the November Appeal as interlocutory and the February Appeal as duplicative. Regarding the November Appeal, it points out that its order granted the post-trial motion and awarded damages and interest, it also gave Situs Properties time to file a motion for attorneys' fees. *See* Trial Ct. Op., filed Jan. 21, 2025, at 4-5. It concludes that because the issue of attorneys' fees was still outstanding, the order did not resolve all issues between the parties and, therefore, was not a final order from which Jenkins Court could appeal. *Id.* at 5-6.

The court further finds that it cannot address the issues raised in the November Appeal because Jenkins Court did not request a transcript of the post-trial motion hearing. *Id.* at 6. It states that at that hearing, it "asked very specific questions to counsel in an effort to clarify the trial evidence and

arguments." ***Id.*** It finds the post-trial transcript is necessary to explain its ruling and permit meaningful appellate review. ***Id.*** at 7.

Regarding the February Appeal, the trial court reasons because this Court denied the application to dismiss the November Appeal, the February appeal was duplicative. ***See*** Trial Ct. Op., filed Apr. 4, 2025, at 2.[4]

We first address whether the November Appeal was premature. An appeal may be taken from "any final order" that "disposes of all claims and of all parties." Pa.R.A.P. 341(a)-(b). Following a trial without a jury, a trial judge is to issue a decision "dispos[ing] of all claims for relief." Pa.R.Civ.P. 1038(b). A party may file post-trial motions within 10 days after the filing of the decision in the case of a trial without a jury. Pa.R.Civ.P. 227.1(c)(2). Following the disposition of any post-trial motions, the prothonotary "shall, upon praecipe of a party . . . enter judgment upon . . . the decision of a judge following a trial without a jury," if the court has not "itself enter[ed] judgment or order[ed] the prothonotary to do so." ***Id.*** at 227.4(2).

Generally, "after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a). An exception to this rule is that "[a]fter an appeal is taken . . . the trial court . . . may . . . [t]ake such

---

[4] Situs Properties' motion to dismiss and/or quash the appeal filed in this Court argued that Jenkins Court waived its issues for failure to request the post-trial motion hearing transcript. It did not argue that the appeal was premature. Further, our order denied the motion "without prejudice to [Situs Properties'] right to again raise the issues in a new application that may be filed after the appeal has been assigned to the Panel of this Court that will decide the merits of this appeal." Order, filed Mar. 3, 2025.

action as may be . . . . otherwise ancillary to the appeal." *Id.* at 1701(b)(1). A motion for attorneys' fees is an ancillary proceeding, which a trial court may address while an appeal of a final order is pending. ***See Samuel-Bassett v. Kia Motors Am., Inc.***, 34 A.3d 1, 49 (Pa. 2011).

Here, the trial court issued a decision in the case when it entered judgment in favor of Jenkins Court, and Situs Properties then filed timely post-trial motions. Similarly, the trial court's grant of Situs Properties' motion for post-trial relief, in which it found in favor of Situs Properties, was a decision that granted relief and disposed of all claims. Accordingly, we conclude that the November judgment was a final appealable order, as it found in favor of Situs Properties and against Jenkins Court and awarded compensable damages. The motion for attorneys' fees was ancillary to the underlying action, and the court could address that motion while the appeal was pending. The November Appeal was not premature.

We next address whether Jenkins Court waived the issues it raises in the November Appeal by failing to request the transcript of the post-trial motion hearing. We conclude it did not. "The appellant shall request any transcript required under this chapter . . . and make any necessary payment or deposit therefor . . . ." Pa.R.A.P. 1911(a). "If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal." *Id.* at 1911(d). "When the appellant . . . fails to conform to the

requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa.Super. 2006) (*en banc*) (citing ***Commonwealth v. Williams***, 715 A.2d 1101, 1105 (Pa. 1998)). However, this Court has declined to find waiver where the claim was "based on undisputed facts and present[ed] a legal question." ***Commonwealth v. Schifano***, 310 A.3d 769, 772 (Pa.Super. 2024).

A party must file a post-trial motion to preserve issues for appeal. ***See*** Pa.R.A.P. 302; Pa.R.Civ.P. 227.1(b)(2).[5] Absent limited exceptions inapplicable here, a party cannot present new evidence post-trial motion stage. ***See Claudio v. Dean Machine Co.***, 831 A.2d 140, 145 (Pa. 2003) ("[t]he failure of a party to present sufficient evidence before or during trial to support a decision in that party's favor cannot be cured by a motion filed pursuant to Rule 227.1").

In this case, neither the trial court nor Situs Properties alleges that the arguments Jenkins Court advances on appeal differ from those presented to the trial court. Rather, Situs Properties argues the transcript is required because, "[w]hile no new facts or evidence were considered, the [p]ost-[t]rial [a]rgument nevertheless contained critical insights into the [t]rial [c]ourt's

_____

[5] "Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor, . . . are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds." Pa.R.Civ.P. 227.1(b)(2).

consideration of the material issues in the case – including the [t]rial [c]ourt's determinations regarding the weight of the evidence and the substantive matters now raised by Jenkins Court on appeal." Situs Properties' Br. at 34.[6]

Here, the certified record before this Court contains all evidence presented at the trial, as well as the arguments presented by the parties in their briefs filed in support of and in opposition to the post-trial motion. The failure to request the transcript of the post-trial motion hearing does not impede our ability to review the issues raised, which deal with whether the evidence presented at the bench trial supports the trial court's decision. As Jenkins Court preserved its issues in its response to the motion for post-trial relief and its brief in support thereof, and no new facts were presented at the hearing, we decline to find waiver for failure to request the transcripts of the post-trial motion hearing. *See Schifano*, 310 A.3d at 772; *Boyer v. City of Phila.*, 692 A.2d 259, 261 n.5 (Pa.Cmwlth. 1997) (declining to find waiver where the court heard oral argument on post-trial motions without taking evidence, and parties filed post-trial memoranda, but appellant did not order transcript of argument).[7]

_____

[6] *Accord* Trial Ct. Op. filed Jan. 21, 2025, at 6-7 ("the court asked very specific questions to counsel in an effort to clarify the trial evidence and arguments. Based on the responses to same and further review of the underlying record, the court vacated its previous [d]efense verdict and found for [Situs Properties]").

[7] Furthermore, the certified record now contains the missing transcript. Accordingly, even if the transcript was not available at the time of the appeal, it is now part of the certified record.

We next address whether the February appeal is duplicative. We conclude that it is but only in part. To the extent it raises issues as to the substantive issues addressed at trial and in the post-trial motions, we conclude it is duplicative of the November Appeal. However, at the time of the November Appeal, the trial court had not yet addressed Situs Properties' motion for attorneys' fees. Accordingly, the February Appeal is not duplicative insofar as it challenges the award of those fees.[8, 9]

Accordingly, we decline to quash. We remand for the trial court to issue a Rule 1925(a) opinion within 30 days of the date of this Memorandum.

Case remanded with instructions. Jurisdiction retained.

_____

[8] The trial court did not order the filing of a Rule 1925(b) statement following the February appeal. We point out that in the statement of questions presented, Jenkins Court claims the trial court "erred in deciding that Situs [Properties] was entitled to interest and attorney[s'] fees in addition to any commission," which is the issue it raised in the Rule 1925(b) statement for the November appeal. Jenkins Court's Br. at 7; Statement of Matters Complained of on Appeal, filed Dec. 9, 2024, at ¶ 2. In the argument section of its brief, Jenkins Court challenges the grant of the motion for attorneys' fees and the amount of fees awarded. Jenkins Court's Br. at 35 (listing heading of section as "The Trial Court Erred in Awarding Attorneys' Fees to Situs, which were Unreasonable and Nearly Thrice as Large as the Amount of Commissions Sought").

[9] We make no determination as to whether Jenkins Court preserved any challenge to the grant of the motion for attorneys' fees in the trial court.